ACTON CATV, INC. *v.* WILDWOOD PARTNERS, LTD.
(7053)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued May 18—decision released August 1, 1989

*William H. Clendenen, Jr.,* with whom, on the brief, was *David M. Lesser,* for the appellant (plaintiff).

*Margaret P. Mason,* with whom was *Michael J. Quinn,* for the appellee (defendant).

NORCOTT, J. The plaintiff appeals from the judgment of the trial court denying its application to compel arbitration pursuant to General Statutes § 52-410. The trial court found the following facts. In August, 1977, the

defendant, Wildwood Partners, Ltd., purchased a cable television franchise in Sumter County, Florida, from BFM Constructors, Inc. On August 17, 1977, BFM and the defendant entered into a written construction agreement under which BFM agreed to construct a cable television system in exchange for a promissory note from the defendant and other consideration. The construction contract contained a clause in which the parties agreed to submit to binding arbitration all disputes arising out of the agreement, except those regarding the methods or amounts of payments under the promissory note or its securing documents.

The defendant also entered into an agreement for the management and operation of the cable system with Wildwood Cable Management Company, a wholly owned subsidiary of BFM. Both the construction and management contracts included provisions that prohibited the assignment of the rights under the contract without the consent of the other party. In addition, both contracts provided that the agreements were to be "interpreted and construed in accordance with the laws of Connecticut." Notwithstanding those provisions, BFM assigned its rights and liabilities under both agreements to Phoenix Communications, Inc., which, on September 27, 1979, assigned both contracts to the plaintiff, Acton CATV, Inc.

Disagreements arose between the plaintiff and the defendant concerning performance under the construction and management contracts, and, in 1985, the defendant commenced suit against the plaintiff in the circuit court for Sumter County, Florida, seeking specific performance and damages under the construction contract, and damages and other injunctive relief under the management contract.[1]

---

[1] After the initiation of the Florida litigation, the plaintiff filed motions in Florida seeking to stay Wildwood's suit against it and to compel arbi-

Thereafter, the plaintiff sought arbitration by the American Arbitration Association in Connecticut which refused the request, determining that absent a mutual agreement of the parties or an order to compel arbitration from the court it was without jurisdiction over the dispute. On November 25, 1987, the plaintiff filed an application in the Connecticut Superior Court for an order to compel arbitration pursuant to General Statutes § 52-410. The trial court denied the application, holding that the plaintiff had not proved the existence of an agreement between the parties. The plaintiff now appeals from that denial, essentially claiming that the trial court erred (1) in finding that the assignment of the contracts was invalid, and (2) in determining that the defendant had not consented to or ratified the assignment of the contracts to the plaintiff by instituting suit against the plaintiff in Florida. We find no error.

"The authority for arbitration must be derived from the agreement of the parties. *W. J. Megin, Inc.* v. *State,* 181 Conn. 47, 49, 434 A.2d 306 (1980)." *Oldread* v. *National Union Fire Ins. Co. of Pittsburgh,* 5 Conn. App. 517, 519, 500 A.2d 956 (1985). In reviewing a party's application to proceed with arbitration in connection with the agreement, the trial court's authority is to grant or deny the applications " 'according to the rights of the parties.' General Statutes § 52-410 (c)." Id., 520.

On appeal, " ' "[w]e do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to deter-

tration. The Florida trial court denied these motions without prejudice and, on appeal, the Florida appellate courts twice affirmed the denial solely because the Florida Arbitration Act does not allow Florida courts to compel arbitration in a foreign state under foreign law.

mine whether it is legally correct and factually supported." [*Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222, 435 A.2d 24 (1980)].' *Rodriguez* v. *New Haven,* 183 Conn. 473, 476–77, 439 A.2d 421 (1981)." *Duksa* v. *Middletown,* 192 Conn. 191, 205–206, 472 A.2d 1 (1984); *Northwestern Electric, Inc.* v. *Rozbicki,* 6 Conn. App. 417, 422–23, 505 A.2d 750 (1986). As to the plaintiff's first claim, we have carefully reviewed the entire record and conclude that the trial court's determinations that the assignment of the contracts was invalid and, therefore, that the plaintiff failed to sustain its burden of establishing the existence of a valid agreement between the parties to submit disputes to arbitration were legally correct and factually supported.

We also are persuaded that, on the evidence before it, the trial court did not err in determining that the defendant had not acknowledged or consented to the assignment by initiating suit against Acton in Florida. In the pleadings of the pending Florida litigation, each party has made affirmative allegations regarding the construction and management contracts on which they bear the burden of proof.[2] Those allegations, however, are at odds with the positions of the respective parties as set forth in the motion to compel arbitration in the present Connecticut action. Because the positions of

[2] In the Florida litigation, Wildwood Partners, Ltd., has sued Acton for specific performance, damages and injunctive relief under the same contracts that, in the present Connecticut action, they claim are invalid and therefore do not require it to arbitrate disputes. On the other hand, Acton alleges as an affirmative defense to the Florida complaint that the court should deny Wildwood any relief in connection with the construction agreement because there was no consideration for Acton's assumption of the obligations under that contract. It is axiomatic that in the absence of consideration, there is no contract. *State National Bank* v. *Dick,* 164 Conn. 523, 529, 325 A.2d 235 (1973). Acton, however, now urges that Connecticut compel arbitration of disputes arising under both contracts, which they argue are valid and binding between the parties.

the parties in the Connecticut and Florida courts regarding the contracts are conflicting, the trial court did not err in refusing to accept the defendant's pleadings as judicial admissions conclusively proving the existence of a contractual relationship between itself and the plaintiff. At most, the Florida pleadings constituted one piece of evidence that the trial court considered along with the other evidence in the case.

There is no error.

In this opinion the other judges concurred.