ALFRED CATUCCI ET AL. *v.* ROBERT J. OUELLETTE
(9449)

DALY, FOTI and LANDAU, Js.

Argued April 23—decision released June 18, 1991

*Peter B. Rustin,* with whom, on the brief, was *Arnold Sbarge,* for the appellant (defendant).

*Richard C. Sanger,* for the appellees (plaintiffs).

DALY, J. The plaintiffs, Alfred Catucci and his son, Thomas Catucci, instituted a two count complaint against the defendant claiming, first, a violation of the Connecticut Unfair Trade Practices Act (CUTPA)[1] and, second, a fraudulent nondisclosure in connection with a real estate transaction. After a trial to the court, a judgment was rendered in favor of the plaintiffs on both counts, and the defendant appealed.

The trial court found the following facts. On January 11, 1988, the defendant placed an advertisement in the Bristol Press offering for sale lot forty-nine on Lakeshore Drive in the town of New Hartford. The plaintiff Thomas Catucci initially responded to the defendant's advertisement, inspected the lot and agreed to purchase it on January 16, 1988, for $56,000. Two days later, on January 18, the defendant conveyed the lot to the named plaintiff for $50,343.67.

Subsequently, the son made numerous attempts to obtain a sewer permit to construct premises on the lot, without success. The trial court found that the defendant had been denied an application to construct a subsurface sewage system on August 19, 1986, and that the defendant failed to disclose this information to the plaintiffs, although he knew that the plaintiffs had purchased the lot to construct a house. The defendant actu-

---

[1] General Statutes § 42-110a et seq.

ally supplied a list of builders to assist the plaintiffs in their home construction. This failure to disclose was found fraudulent. The named plaintiff transferred the lot to his son about November 1, 1988.

The trial court granted the plaintiffs the relief requested in the first count under CUTPA, pursuant to General Statutes § 42-110g (a),[2] namely, actual damages plus costs and attorney's fees. These actual damages consisted of enumerated special damages amounting to $7626.62, which included the plaintiffs' expenditures for taxes, recording fees, permit, testing, evaluation and analysis for the property. The court also ordered as equitable relief a reconveyance of the lot back to the defendant and restitution in the amount of $50,343.67 plus interest. Such relief is permissible under CUTPA and was also specifically requested in the plaintiffs' second count. The defendant claims that the trial court incorrectly concluded that he did not disclose the site's sewage disposal problem prior to the transfer and improperly awarded the plaintiffs both rescission and money damages. We disagree.

The defendant's first claim requests that we reconsider the factual findings of the trial court. On appeal, we do not examine the record to determine whether the trier of fact could have reached a conclusion other than it did, but rather determine whether its conclusions were legally correct and factually supported. *Acton CATV, Inc.* v. *Wildwood Partners, Ltd.*, 19 Conn.

[2] General Statutes § 42-110g (a) provides: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper."

App. 235, 237–38, 561 A.2d 976 (1989). The decision of the trial court is not reversed unless it is clearly erroneous in the light of the evidence and the pleadings in the record as a whole. *Miller* v. *Appleby,* 183 Conn. 51, 56, 438 A.2d 811 (1981).

The issue of whether the defendant rendered notice of the sewage problem to either of the plaintiffs was factually disputed and controverted. The plaintiffs alleged that the defendant fraudulently did not disclose information upon which they relied to purchase the property. The rule is that a seller may not, under the circumstances, have a duty to speak, although if he does assume to speak, he must make a full and fair disclosure as to the matters upon which he assumes to speak. He must avoid deliberate nondisclosures. *Franchey* v. *Hannes,* 152 Conn. 372, 379, 207 A.2d 268 (1965).

The trial court found that the defendant knew the plaintiffs were purchasing the lot to build a residence and gave them a list of suitable contractors to contact for such a purpose. The defendant knew that the lot was not suitable for sewage disposal and deliberately avoided disclosing this information to either of the plaintiffs. The court further found the plaintiff Thomas Catucci credible when he testified that, had the sewage information been disclosed, he would not have purchased the lot. On the basis of these facts and the record as a whole, we conclude that the trial court had ample support to draw the conclusion of fraudulent nondisclosure by the defendant. See *Franchey* v. *Hannes,* supra.

The defendant also claims that the trial court improperly awarded to the plaintiffs special damages in the amount of $7626.62. The defendant argues that the trial court awarded the plaintiffs' damages under count two which only prayed for rescission and punitive damages. The defendant concludes that because the plaintiffs did

not specifically request special damages, they should not have been awarded. See *Bombero* v. *Marchionne,* 11 Conn. App. 485, 492–93, 528 A.2d 396, cert. denied, 205 Conn. 801, 529 A.2d 719 (1987).

The trial court, however, recognized that the plaintiffs' complaint was in two counts, a CUTPA claim and a fraudulent breach of contract claim. Furthermore, in articulating the plaintiffs' damages, the trial court explicitly granted all the plaintiffs' requested relief from both the first and second counts. The facts upon which the trial court relied supported a verdict in the plaintiffs' favor on both counts. When a trial court finds the issues for the plaintiffs, as it did here, and the action brought was in two counts, the result is that the trial court has found for the plaintiffs on both counts. Practice Book § 328; *Peterson* v. *Bray,* 138 Conn. 227, 231, 83 A.2d 198 (1951).

CUTPA provides for actual and punitive damages and equitable relief. General Statutes § 42-110g (a) uses the phrase "any ascertainable loss" to describe actual damages, and "loss" has a broader meaning than the term "damage." *Hinchliffe* v. *American Motors Corporation,* 184 Conn. 607, 613, 440 A.2d 810 (1981). Thus, special damages are within the purview of the ascertainable losses contemplated under CUTPA. See generally id., 613–20. The award of monetary and punitive damages, as well as equitable relief, was supported by the facts and was within the trial court's sound discretion to grant. Such complete relief was necessary to ameliorate the results of the defendant's fraud.

The judgment is affirmed.

In this opinion the other judges concurred.