[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After trial, the court finds that pursuant to a contract for sale dated August 15, 1989, plaintiffs bought the real estate at 44 Breezy Hill Road, Harwinton, from defendants. The contract contains the following language:
 The buyer further acknowledges and agrees that (a) the Buyer has inspected the premises, or has caused an inspection thereof to be made on the Buyer's behalf, and that the Buyer is fully satisfied with the physical condition thereof, and (b) neither the Seller, nor any representative of the Seller has made any representation upon the Buyer relies except as herein expressly set forth.
Sometime thereafter, Ms. Urso called Ms. Jacques and asked that they have the septic tank pumped and inspected prior to closing. The closing was scheduled for September 1, 1989. On August 29, 1989, Richard Dallaire cleaned and inspected the tank and reported to Ms. Jacques that it was working properly. Ms. Jacques then called Ms. Urso and said that she had the paper the Ursos' needed and would bring it to the closing. Although Mr. Dallaire did issue a report to the Jacqueses, the Jacqueses did not attend the closing. The Ursos moved into the property on September 2. Some two CT Page 9610 and one-half months later, water bubbled up in the area of the septic system. In late November, or early December, 1989, it was determined that the septic system had failed.
Plaintiffs' complaint alleges that the defendants breached the contract with plaintiffs by failing to disclose the condition of the septic system Plaintiffs rely heavily on the testimony of a former tenant of the defendants, Eric Rahn, who occupied the premises from March, 1988 until March, 1989. He testified that Ms. Jacques had told him of an area in the back yard she called disgusting and advised him to keep his kids away from it. While he testified that on some eight to ten times during the tenancy the pipe from the septic tank bubbled over with water and bits of white material which appeared to be toilet paper, particularly during wet periods, he made no complaint about this to the Jacqueses. The testimony established that the backyard has a high water table. While the court has no doubt that plaintiffs have proved that the septic system had failed by the time they took title, they have not proved by a preponderance of the evidence that the defendants knew of that failure. This case is thus unlike Franchey v. Hannes, 152 Conn. 372 (1965) and Catucci v. Ouellette,25 Conn. App. 56 (1991. Indeed the case more resembles Knight v. Breckheimer, 3 Conn. App. 487, 489 (1985).
Judgment may enter for defendants.
SUSCO, J.