[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Laurie Sachs ("Sachs"), filed this action on May 25, 1993, against the defendant, J. Henry Brett Insurance Agency, Inc. The plaintiff alleges the following facts in her complaint. In October, 1988, the plaintiff purchased a tenant's homeowner policy from the Dorchester Company. The defendant was the insurance agent for the issuance of the 1988 policy. The plaintiff paid the premium for the 1988 policy, but never requested that the 1988 policy be renewed. Without the plaintiff's consent, however, the defendant renewed the policy for the years 1990 and 1991 and subsequently billed the plaintiff for the two renewals.
The complaint contains three counts. In the first count, the plaintiff alleges that the two renewals by the defendant of her insurance policy without her consent constitutes a violation of CUTPA, General Statutes 42-110a et seq., insofar as said actions were "immoral, oppressive and unscrupulous and caused substantial injury to the plaintiff." In the second count, the plaintiff alleges a claim of negligent infliction of emotional distress. In support of this count, the plaintiff alleges that the defendant forwarded her account to a collection agency which allegedly harassed the plaintiff. The referral to the credit agency allegedly affected her credit rating. Finally, in the third count, the plaintiff alleges that the defendant violated CUTPA, General Statutes 42-110a et seq., by forwarding the plaintiff's delinquent account to a collection agency. According to the plaintiff, this conduct by the defendant was "immoral, oppressive and unscrupulous and caused substantial injury to the plaintiff." In the prayer for relief, the plaintiff claims money damages and punitive damages pursuant to CUTPA, General Statutes 42-110g(a).
On July 30, 1993, pursuant to Practice Book 152, the defendant filed a motion to strike the first, second, and third counts of the plaintiff's complaint as well as the prayer for relief requesting punitive damages. As required by Practice Book 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition.
The purpose of a motion to strike is to challenge the legal CT Page 8212 sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Practice Book 152(1). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283,449 A.2d 986 (1982). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). One or more paragraphs of a complaint or count may be attached only when a separate cause of action is attempted to be stated therein. Donovan v. Davis, 85 Conn. 394,397, 82 A. 1025 (1912); Schrader v. Rosenblatt, 26 Conn. Sup. 182
(Super.Ct. 1965).
COUNT ONE
In support of its motion to strike, the defendant argues that the first count of the plaintiff's complaint should be stricken on the ground that this count is legally insufficient to state a claim under CUTPA. According to the defendant, the allegations contained in count one relate only to a single or a few isolated instances which do not offend public policy and are insufficient to support a claim for relief under CUTPA.
The plaintiff argues that the first count of the complaint satisfies the requirement of pleading a trade practice under CUTPA because the defendant renewed the plaintiff's insurance policy for two consecutive years without her consent.
"The purpose of CUTPA is to protect the public from unfair practiced in the conduct of any trade or commerce, and whether a practice is unfair depends on the finding of a violation of an identifiable public policy." Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601 607, 602 A.2d 1062 (1992); Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 257, 550 A.2d 1061
(1988). "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." See General Statutes 42-110b; Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 669,613 A.2d 838 (1992); Web Press Services Corp. v. New London Motors, Inc.,203 Conn. 342, 354, 525 A.2d 57 (1987). General Statutes 110a(4) defines "trade and commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or CT Page 8213 intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
Several superior court decisions have held that complaints alleging a single instance or even isolated instances of unfair practices will not support an action under CUTPA.[1] See Laks v. Metropolitan Property and Casualty Insurance Company,8 Conn. L Rptr. 32 (December 3, 1992, Flynn, J.) (there is no cause of action under CUTPA based on a single act of misconduct by an insurer.); Duncan v. Burnside Motors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.) ("legislature was not considering an isolated event to allow `civilian attorneys general' to act to correct some business vice."); Koehm v. Kuhn, 41 Conn. Sup. 130, 558 A.2d 1042, aff'd,18 Conn. App. 313, 557 A.2d 933 (1987); but see Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 107, 108 (May 20, 1991, Susco, J.); Metpath, Inc. v. IDS Corp., 3 Conn. L. Rptr. 450, 451 (March 12, 1991, Aronson, J.); Ransam v. Amerilink, Ltd., 3 Conn. L. Rptr. 491
(April 8, 1991, Dranginis, J.); Gibbs v. Southeastern Investment Corp., 651 F. Sup. 1419 (D. Conn. 1987).
In the first count of the complaint, the plaintiff alleges only two instances where the defendant renewed her own insurance policy without her consent. The plaintiff fails to allege facts that the defendant had a general trade practice of renewing insurance policies without the insured's consent and fails to allege more than a few isolated instances of unfair practices. Therefore, this CUTPA claim is legally insufficient the motion to strike the first count is granted.
COUNT TWO
The defendant argues in support of its motion to strike that the second count of the complaint is legally insufficient to state a claim for negligent infliction of emotional distress because the plaintiff fails to allege that the defendant owed the plaintiff a duty or that any such duty was breached by the defendant. In opposition, the plaintiff argues that the defendant, as an insurance company, owes an implied duty to the insured.
For a claim of negligent infliction of emotional distress, the plaintiff has the burden of pleading and establishing that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Emphasis added.) Morris v. Hartford Courant Co., 200 Conn. 676, CT Page 8214 683, 513 A.2d 66 (1986), quoting Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978) (Citations omitted.)
In the second count of the complaint, the plaintiff alleges facts regarding the renewal of the insurance policies without her consent and the transfer of her account to a collection agency. As a result of the collection agency's harassment, the plaintiff claims to have suffered emotional distress. However, the plaintiff does not allege that the defendant should have realized that its conduct of sending the account to a collection agency involved an unreasonable risk of causing distress or that such distress might result in illness or bodily harm. Therefore, the second count of the plaintiff's complaint is legally insufficient to state a claim of negligent infliction of emotional distress and the defendant's motion to strike the second count is granted.
COUNT THREE
As discussed above, in order to sustain a claim for a CUTPA violation, the plaintiff must plead a trade or business practice on the part of the defendant. Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 669, 613 A.2d 838 (1992); Mead v. Burns, 199 Conn. 651,666, 509 A.2d 11 (1986).
The plaintiff alleges in the third count of the complaint that the defendant violated CUTPA by renewing the insurance policies without her consent and by transferring the plaintiff's delinquent account to a collection agency which affected her credit rating. The agency allegedly harassed the plaintiff. According to the plaintiff, this conduct constitutes a violation of CUTPA.
In the third count, the plaintiff fails to allege that the defendant has a general trade practice of renewing insurance policies without the insured's consent and of forwarding accounts to a collection agency in order to harass policy holders and damage their credit rating. Also, the plaintiff fails to allege more than a few isolated instances of unfair practices. Therefore, the third count is legally insufficient under CUTPA and the motion to strike the third count is granted.
PRAYER FOR RELIEF: PUNITIVE DAMAGES
Practice Book 152(2) provides that any party may file a CT Page 8215 motion to strike to contest the legal sufficiency of any prayer for relief in any such complaint, counterclaim, or cross-claim. See Central New Haven Development Corp. v. Potpourri, Inc., 39 Conn. Sup. 132,133, 471 A.2d 681 (Super.Ct. 1983). "The only pretrial method to attack a prayer for relief is a motion to strike." Watrous v. Delauro, 1 Conn. L. Rptr. 504, (April 16, 1990, Schimelman, J.); see Carloni v. Palumbo, Superior Court, judicial district of New Haven Docket No. 319542, (July 21, 1992) ("Since the motion to strike the CUTPA claim ha[d] been granted, the motion to strike the request for punitive damages . . . is denied accordingly.")
In the prayer for relief, the plaintiff seeks to recover for punitive damages pursuant to CUTPA, General Statutes 42-110g(a). The defendant argues that the prayer for relief is legally insufficient in that the plaintiff must allege that "the defendant's conduct was recklessly indifferent, intentional and wanton, malicious, violent or motivated by evil" in order for the court to award punitive damages under CUTPA. Accordingly, the defendant contends that the prayer for relief is legally insufficient and should be stricken.
"A plaintiff who has established a violation of CUTPA may recover punitive damages if the court finds that the defendant's conduct was recklessly indifferent, intentional and wanton, malicious, violent, or motivated by evil." Sir Speedy, Inc. v. LP Graphics, Inc., 957 F.2d 1033 (2d Cir. 1992); Gargano v. Heyman,203 Conn. 616, 622, 525 A.2d 1347 ("In order to award punitive or exemplary damages [under CUTPA], evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights.")
The prayer for relief is legally insufficient because the plaintiff does not allege that the defendant's conduct was recklessly indifferent, intentional and wanton, malicious, violent or motivated by evil. Therefore, the motion to strike the prayer for relief for punitive damages is also granted.
Howard F. Zoarski, Judge