[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 1, 1994, the plaintiffs, Franklin Todd Renz and Wendy Wittels Renz, filed a six count complaint against the defendant, Milano Development Corporation (Milano). The Renzs allege that Milano's agent, Peter Watson, had accepted $20,000.00 of their money towards apiece of property. Unable to secure financing, the Renzs asked that the $20,000.00 be returned according to provision H in the parties' written real estate agreement (Agreement). They allege that Milano refused to authorize Watson to return the money.
On June 17, 1994, Milano filed a motion to strike the fifth count of the Renzs' complaint. The fifth count of the complaint alleges that Milano represented that it owned the property when it did not, refused to return the $20,000.00 according to provision H in the Agreement, and engaged in unfair and deceptive conduct under CUTPA. Milano puts forth the grounds that neither an isolated incident nor a simple breach of contract supports a CUTPA claim. Milano also seeks to strike the Renzs' corresponding requests for punitive damages and attorney's fees. Milano states that it needed only to present "a good and sufficient warranty deed" according to provision J of the Agreement.
As required by Practice Book § 155, Milano filed a memorandum in support of its motion to strike. On June 23, 1994, the Renzs CT Page 10670 timely filed a memorandum in opposition.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). A motion to strike "tests the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. OldSaybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). A court may strike counts of a complaint. Quimby v. Kimberly ClarkCorporation, 28 Conn. App. 660, 669 (1992). In deciding a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc.v. BOC Group, Inc., supra, 224 Conn. 215. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
Milano argues in its memorandum in support of its motion to strike that an isolated incident is not within the ambit of CUTPA.
Section 42-110b(a) of CUTPA states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b(a). To determine "whether a practice violates CUTPA" Connecticut "h[as] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair": whether the practice (1) "offends public policy," (2) is "immoral, unethical, oppressive, or unscrupulous," or (3) "causes substantial injury to consumers."Associated Investment Company Limited Partnership v. WilliamsAssociates IV, 230 Conn. 148, 155, ___ A.2d ___ (1994). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Id., 156.
"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce." Krawiec v.Blake Manor Development Corporation, 26 Conn. App. 601, 607,602 A.2d 1062 (1992). "[W]hether a practice is unfair depends on the finding of a violation of an identifiable public policy." Id. "[T]o allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." Pergament v. Green, 32 Conn. App. 644, 655,630 A.2d 615 (1993). CT Page 10671
The fifth count of the Renzs' complaint alleges that Milano breached the Agreement with the Renzs by refusing to authorize Watson to return to them the $20,000.00 they gave him as a deposit toward a piece of property. Count five alleges that Milano's refusal to return the deposit is "unfair and deceptive in violation of" CUTPA. Count five alleges that Milano represented that it owned the property when it did not.
The court, Zoarski, J., has acknowledged the split of authority in the superior court over whether "a single act can constitute a CUTPA violation because of the introductory language of General Statutes § 42-110b(a), which refers to the plural `unfair methods of competition and unfair or deceptive acts or practices,' and General Statutes § 42-110g(a), which refers to the singular `methods, act or practice.'" Sachs v. J. Henry BrettInsurance Agency, Inc., 8 CSCR 1133, 1133-34 n. 1 (October 7, 1993, Zoarski, J.).
"A considerable number of appellate cases, while not focusing on this precise point, have recognized the validity of a CUTPA claim arising out of a single transaction." Gustafson v. Young,12 Conn. L. Rptr. 105, 106 (July 11, 1994, Teller, J.) (listing appellate cases). "There is a split of authority among the trial courts which have addressed the issue. A majority have held that a litigant need not allege more than a single transaction upon which to base a CUTPA claim." Id.
In Sachs, however, the court, Zoarski, J., held that "[c]omplaints alleging a single instance or even isolated instances of unfair practices will not support an action under CUTPA." Id. In Sachs, the defendant's motion to strike was granted because the CUTPA claim was legally insufficient because the plaintiff alleged only two instances of the offending practice, failed to allege that the offending practice was a general practice of the defendant, and failed to allege more than a few isolated instances of the offending practice. Id.
The fifth count of the Renzs' complaint alleges only their one experience with Milano's not returning a buyer's deposit, does not allege a general practice of Milano's refusing to return such money, and does not allege that Milano has so refused at any other time. Under Sachs, the fifth count of the Renzs' complaint is insufficient to give rise to a CUTPA claim.
Milano further argues in its memorandum in support of its CT Page 10672 motion to strike that a simple breach of contract is not within the ambit of CUTPA.
On the one hand, "[a] simple breach of contract, even if intentional, does not amount to a violation of . . . [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act." Emlee EquipmentLeasing Corporation v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580 (1989, Blue, J.). On the other hand, "[s]ome of the oldest `unfairness' decisions involve sellers' refusals to live up to the terms of their contract." Lester v. Resort CamplandsInternational, Inc., 27 Conn. App. 59, 72, 605 A.2d 550 (1992). Where a complaint "simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy," the complaint "is not sufficient to give rise to a CUTPA violation." World Cable Communications v.Philips Broadband Networks, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0521774S (March 25, 1994, Wagner, J.).
According to superior court cases, wrongfully withholding a deposit on real property states a cause of action under CUTPA.Piscatelli v. Hird, 3 Conn. L. Rptr. 351, 352 (March 14, 1991, McKeever, J.); Sikorsky v. Nelson, 2 Conn. L. Rptr. 605 (October 22, 1990, Austin, J.). The Agreement between Milano and the Renzs directed that the seller return the deposit. See Agreement, provision J.
Superior court cases offer authority for the proposition that "a single contract to purchase real estate is included in CUTPA under the phrase `trade or commerce.'" Sikorsky v. Nelson, supra,2 Conn. L. Rptr. 605. They also offer authority for the proposition that "[i]f CUTPA were to be applied to private, one-time sales between parties, the phrase `in the conduct of trade or business' thus becomes useless verbiage, replaceable by the phrase `in any sale.'" Oppici v. Arata, 6 CSCR 906 (August 30, 1991, Hadden, J.).
Appellate court cases regarding the sale of land focus on aggravating circumstances. The court found aggravating circumstances when the seller knew that the buyers sought land on which to build a house, provided a list of suitable contractors, had tried unsuccessfully to get a sewer permit, and did not disclose the inability to get a sewer permit. Catucci v.CT Page 10673Ouellette, 25 Conn. App. 56, 57-58, 592 A.2d 962 (1991). The court found aggravating circumstances when the buyer made changes to the deed after the seller had signed it and then recorded the altered deed; the court found this violative of public policy. Francolinev. Klatt, 26 Conn. App. 203, 210-11, 600 A.2d 8 (1991). The Renzs' harm is the result of Milano's failure to return their deposit.
CUTPA is intended to "deter unfair trade practices that injure the general consuming public, rather than to provide additional remedies for the redress of entirely private wrongs." Koehm v.Kuhn, 41 Conn. Sup. 130, 139, 558 A.2d 1042 (1987), aff'd, 18 Conn. App. 313
(1989). The fifth count of the Renzs' complaint alleges a private wrong and therefore does not constitute a CUTPA violation.
Milano also argues in its memorandum in support of its motion to strike that the plaintiffs' prayer for punitive damages and attorney's fees must be stricken because the plaintiff has failed to allege a legally sufficient CUTPA violation.
Under CUTPA, a plaintiff may receive punitive damages; General Statutes § 42-110g(a); and "reasonable attorneys' fees." General Statutes § 42-110g(d). "Awarding punitive damages and attorney's fees under CUTPA is discretionary." Gargano v. Heyman, 203 Conn. 616,622, 525 A.2d 1343 (1987). When a motion to strike a CUTPA claim is granted, however, "the motion to strike the request for punitive damages and attorney's fees under CUTPA must of necessity be granted as well." Carloni v. Palumbo, Superior Court, judicial district of New Haven, Docket No. 319542 (July 21, 1992, Maiocco, J.). "[T]hese awards [of punitive damages and attorney's fees] are premised on the plaintiffs' [CUTPA] claim." Vezina v. NautilusPools, Inc., 27 Conn. App. 810, 821, 610 A.2d 1312 (1992). "The moving party must prevail on the CUTPA cause of action before such fees and damages must be awarded." Id.
The motion to strike the CUTPA claim is granted, and the plaintiffs' prayer for punitive damages and attorney's fees also must fail regarding this claim.
Howard F. Zoarski, Judge CT Page 10674