[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff John Hychko and the defendants Joanne and Thomas DiDomizio own adjacent parcels of multi-acre undeveloped land in Wolcott, Connecticut. This action to quiet title is the third in a succession of lawsuits between these parties to resolve disputes with respect to these properties. The first suit, brought in 1981, ended with a stipulation for judgment dated February 7, 1983. This first stipulation contemplated that the DiDomizios would construct a road through approximately the center of their property connect to Route 69 or Nichols Road. The stipulation included the grant of an easement from the DiDomizios to Hychko over a small triangular-shaped parcel of the DiDomizios' property adjacent to Hychko's property so that Hychko would have access from his property to the new road, which would not extend all the way to Hychko's property.
The parties later learned that the road could not be constructed as contemplated. They therefore entered into an amended stipulation for judgment. The amended stipulation called for the DiDomizios to construct the road, later to become a public road, but to have the road terminate in a cul-de-sac at Hychko's boundary line. It further provided that Hychko had the right to construct a road across the same triangular parcel as described in the original stipulation for purposes of ingress and egress to the road robe constructed by the defendants. The CT Page 7892 location of the road and cul-de-sac were shown on a map attached to the amended stipulation, which further required the DiDomizios to construct the road by a stated deadline.
The DiDomizios failed to construct the road as provided in the amended stipulation and Hychko brought the second suit in 1986, seeking money damages for the defendants' failure to construct the road and a court order "directing the defendants to comply with the provisions of the stipulated judgment as modified." This second suit concluded in 1991 with a jury verdict awarding Hychko $10,000. damages, which was considerably less than the amount of damages that he sought. At the same time, the court, which heard the equitable claims, also denied Hychko any equitable relief. Hychko appealed and the judgment of the trial court was affirmed per curiam. Hychko v.DiDomizio, 26 Conn. App. 929 (1991).
Hychko brought this third action in 1992, alleging that the DiDomizios obstructed and prevented him from using the easement granted to him in the stipulated judgment which concluded the 1981 action. As relief, he seeks: a judgment determining the rights of the parties in the "disputed property," which is not defined, a permanent injunction prohibiting the DiDomizios from obstructing or hindering Hychko's use of the easement, and a judicial conveyance of the easement in accordance with General Statutes § 52-22. The DiDomizios filed several special defenses in their answer, including res judicata and collateral estoppel, waiver, estoppel, laches, and unclean hands.
The allegations of Hychko's complaint in this action are fairly general. Through his testimony and the arguments of counsel during the trial, however, it became clear that the plaintiff's claim is two-fold. First, he claims the right to use and cross over that portion of the DiDomizios' land marked "proposed road" as shown on the maps attached to the original stipulated judgment and the amended stipulated judgment. This is the plaintiff's principal claim. Secondly, he claims the right rouse and pass over the small triangular-shaped parcel of the DiDomizios' property which is shown on the map attached to the original stipulated judgment. This area (hereafter called the "Easement Area") is cross-hatched on that map and identified on the map as the "Agreed to Road Easement."
At the conclusion of the plaintiff's evidence at trial, the defendants moved the court for a dismissal of this case pursuant CT Page 7893 to Practice Book § 302 for the plaintiff's failure to make out a prima facie case. The court granted the motion with respect to the plaintiff's first claim, relating to the area shown as "proposed road" on the maps. The court's reasoning was set forth fully on the record. The motion was denied, however, with respect to the plaintiff's second claim, concerning the Easement Area, which is the sole remaining issue in this case.
Based on the evidence presented, the court makes the following findings. In paragraph five of the original stipulated judgment, the DiDomizios granted Hychko (and Hychko's then co-owner, Howard Matzkin) an easement from the boundary between the Hychko/Matzkin property and the DiDomizios' property to the road which the DiDomizios were to construct in the future. (Hychko subsequently acquired Matzkin's interest in the property and Hychko is now the sole owner.) The easement is fifty feet wide along the proposed road and is located approximately one hundred eighty-five feet from a corner of the DiDomizios' property which is more fully identified in the stipulation. The length of the easement is to be determined by the location of the road. The purpose of the easement is to give Hychko access to the road which the DiDomizios were to construct. This easement to the Easement Area was modified somewhat by the amended stipulated judgment, which provided that Hychko could construct a road across the Easement Area connecting with the cul-de-sac so Hychko would have ingress and egress to the public road to be constructed by the DiDomizios. After judgment was entered in the second lawsuit, brought by Hychko for damages and an order to the DiDomizios to build the road, the DiDomizios contested Hychko's rights to the Easement Area. Hychko contends that the easement to the Easement Area remains valid and that the judgment in the second lawsuit did not extinguish the easement, although it did relieve the DiDomizios of the obligation to construct the road.
The DiDomizios claim first that the easement referred to in the stipulated judgments was not to be conveyed to Hychko until after the subdivision was approved and the new road built, at which point the easement would be conveyed by deed. The court does not find merit to this claim. Paragraph five of the original stipulated judgment reads, "The plaintiffs grant to the defendants, a fifty (50) foot wide easement across their property . . ." (Emphasis added.) Clearly, the parties intended that conveyance of the easement occurred by execution of the stipulated judgment, which was recorded in the land CT Page 7894 records. The original stipulated judgment did refer in paragraph eight to a deed for the easement. However, the purpose of the deed was to finalize the specific location of the easement after the road was built, not to defer the conveyance of the easement. Paragraph eight provides:
 Upon the approval of a plan of subdivision of plaintiff's property by the Town of Wolcott and upon final location and construction of the subdivision roadbed, plaintiff shall promptly deliver to defendants a fully executed deed specifically identifying said easement in its final form, and granting the same to defendants in language consistent with this stipulated judgment.
(Emphasis added.) The court finds that the easement to the Easement Area was conveyed (although later modified) by the language in the original stipulated judgment.
The court further finds that the judgment in the 1986 action did not extinguish Hychko's easement. Nowhere in the judgment or the two memoranda of decision with respect to the equitable relief did the court order any relinquishment of the easement. Nor did either party request such relief. The easement to the Easement Area remains valid and subject to enforcement unless the defendants can prevail on one of their special defenses.
The DiDomizios' first special defense alleges that Hychko's claims in this action are barred by res judicata and collateral estoppel. Res judicata, claim preclusion, and collateral estoppel, issue preclusion, promote judicial economy by preventing relitigation of issues or claims previously resolved.Scalzo v. Danbury, 224 Conn. 124, 127 (1992). Claim preclusion prevents the pursuit of any claims relating to a cause of action "which were actually made or might have been made." Corey v.Avco-Lycoming Division, 163 Conn. 309, 317 (1972), cert. denied,409 U.S. 1116 (1973). Issue preclusion prohibits relitigation of an issue which was "actually litigated and necessarily determined in a prior action . . ." Carothers v. Capozziello,215 Conn. 82, 94-5 (1990).
The court finds no merit to the claims of res judicata and collateral estoppel as a bar to Hychko's claims here. Hychko's claim in this action is that the DiDomizios have interfered with CT Page 7895 his easement rights over the Easement Area. Hychko's claim in the 1986 action was that the DiDomizios breached their obligation under the stipulated judgments to construct a road which would provide access to Hychko's property. The complaint in the 1986 action alleges the failure of the defendants to construct the road "and comply with the judgment of the court." Although the allegation of non-compliance with the judgment, standing alone, might encompass the claim made now with respect to the easement, an examination of the complaint shows that the failure to construct the road was the only claim of non-compliance which was made in that action. The trial court's memorandum of decision on Hychko's equitable claims, as well as a later corrected memorandum of decision, both address only the DiDomizios' failure to construct the new road and the consequences of that failure with respect to the value of Hychko's property. The claim made by Hychko here was not litigated in the prior action. Moreover, it does not appear that Hychko's claim with respect to the easement could have been made in 1986 because it arises principally from statements made by Thomas DiDomizio after March 21, 1991, the date when judgment was entered in the 1986 action. Hychko's claim in this action is not barred by res judicata or collateral estoppel.
The defendants also claim that collateral estoppel operates to estop the plaintiff from denying the special defenses alleged in this action. The DiDomizios contend that when the court denied injunctive relief to Hychko in the second lawsuit, the court found for the DiDomizios on two of their special defenses in that action which are also pleaded here — laches and rescission. The defendants contend that Hychko is therefore estopped from denying the special defenses of laches and rescission.
Where a court finds the issues generally for a party, the result is deemed a finding for that party on all of the material allegations made by that party. Practice Book § 328; Catucci v.Ouellette, 25 Conn. App. 56, 60 (1991). Where, for example, the court found the issues for the plaintiffs generally, it was deemed a finding for the plaintiff on all counts of a multi-count complaint. Id. The judgment in the 1986 action does state that the court "finds the issues for the defendants and denies the plaintiff's claims inequity." However, this was not a general finding for the DiDomizios because the court filed a memorandum of decision (and later, a corrected memorandum) which sets forth the reason for the denial of injunctive relief. The court stated CT Page 7896
 The jury trial demonstrates to us . . . that [Hychko] has had an adequate remedy in the law of money damages to satisfy this claim . . . We conclude that there is no compelling reason for us to grant any equitable relief.
The memorandum of decision makes clear that injunctive relief was denied because of an adequate remedy at law, not because the court found for the DiDomizios on their special defenses or found generally for the defendants without explanation. Hychko is not estopped in this action from denying the defendants' special defenses.
In their remaining special defenses, the DiDomizios allege that the plaintiff has waived his rights to the easement for the Easement Area, or, alternatively, that he is estopped or barred by unclean hands from asserting his right to the easement for the Easement Area. (The defendants did not brief their fourth special defense, laches, and it is therefore deemed abandoned.Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).) These remaining special defenses are based generally on the same two factual scenarios. The DiDomizios first contend that after the stipulated judgment was entered into, they and Hychko and his then partner Matzkin entered into an agreement to locate the access road in a location different from that shown on the maps attached to the original and amended stipulations. After the DiDomizios spent money in reliance on the new agreement, they claim, Hychko changed his mind and insisted on compliance with the stipulated judgment.
Mr. DiDomizio's testimony at trial was generally consistent with this factual scenario. He testified that it was Matzkin, Hychko's partner, who wanted the access road relocated but after Matzkin's death and after the DiDomizios had begun work on the new road location, Hychko insisted on the road being constructed in the original location. Mr. DiDomizio did not testify about the extent of the work which he and his wife had done to construct the access road in the alternative location. The court infers that the work was not substantial.
Waiver is the intentional relinquishment of a known right.Dragan v. Connecticut Medical Examining Board, 223 Conn. 618,629 (1992). The court finds the evidence insufficient to establish that Hychko knowingly and intentionally relinquished CT Page 7897 his easement rights to the Easement Area. Although waiver may be implied, it will be inferred from circumstances only if it is reasonable to do so. Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 252 (1992). The evidence was insufficient to persuade the court that it would be reasonable to infer waiver from the circumstances here.
Equitable estoppel has two elements, the first of which is that the party against whom it is claimed must do or say something intended to induce action by another party. Lunn v.Tokeneke Association, Inc., 227 Conn. 601, 607 (1993). The DiDomizios did not introduce any evidence that Hychko and Matzkin's choice of a different location for the access road was intended to cause the DiDomizios to act. Nor did they provide evidence of the injury which they suffered in reliance, the second element necessary to establish equitable estoppel. Id.
Mr. DiDomizio's testimony about Hychko's change of mind with respect to the road location is not sufficient to show that Hychko had unclean hands. There was insufficient evidence from which the court could find that Hychko was unfair, inequitable and dishonest. Collens v. New Canaan Water Co., 155 Conn. 477,492 (1967).
The second factual scenario which the defendants cite as the basis for these same three special defenses occurred in 1988 and 1989. At that time, Hychko had a new partner, Dennis Sullens, and the defendants claim that they agreed with Hychko and Sullens to combine both properties and develop them together as an industrial park. The industrial park plan, which was presented to town officials, showed a proposed public street in a location different from the proposed access road as shown on the maps which accompanied the stipulated judgments. The defendants allege that after they spent money and labor and acquired additional land to proceed with the industrial park plan, Hychko "walked away from the new agreement."
The evidence presented was again insufficient to sustain any of the three remaining special defenses. Although Sullens, Hychko and the DiDomizios did prepare and file an industrial park plan with town officials, they did not reach agreement on a partnership. Only the DiDomizios signed the proposed partnership agreement. Hychko testified credibly that he did not agree to the terms of the partnership. Once again, there was no evidence of the extent of the expenditures made by the CT Page 7898 defendants allegedly in reliance on the partnership. Nor was there any evidence that the industrial park plan failed because Hychko "walked away." The evidence presented was insufficient to establish waiver, estoppel or unclean hands.
The court finds that the plaintiff John Hychko is the owner of an easement over property owned by the defendants Thomas and Joanne DiDomizio by virtue of a grant of easement set forth in a stipulation for judgment dated February 7, 1983 in an action known as Docket No. CV 81-0060189S, Thomas DiDomizio et al. v. John Hychko et al. and later modified by an amended stipulation for judgment dated July 25, 1983 and filed in the same action. The area encumbered by the easement is as described in both stipulations for judgment and the maps attached thereto. The use of the easement is limited to the purposes set forth in both of the previously identified stipulations for judgment.
The plaintiff should understand that although the court is ruling in his favor and finding that the easement does exist, the easement may be of no practical use because its purpose is limited to ingress and egress to and from his property "across the public road to be constructed" by the DiDomizios. Insofar as the DiDomizios have been relieved by the court of the obligation to construct such a road and apparently do not intend to construct such a road voluntarily, the plaintiff may be unable to exercise the limited rights which he possesses as a result of the easement. The title to the property encumbered by the easement is hereby quieted and settled with the court's finding that the plaintiff has an easement enforceable against the defendants, the fee owners of the premises in question, subject to the limitations set forth in both stipulations for judgment. Judgment is entered for the plaintiff in accordance with these findings.
The court finds it appropriate to order permanent injunctive relief restraining the DiDomizios from interfering with Hychko's rights under his easement. Therefore, by authority of the state of Connecticut, the defendants Thomas and Joanne DiDomizio are hereby commanded and permanently enjoined together with their agents, servants, successors and assigns, from obstructing or hindering the plaintiff John Hychko in his enjoyment of the rights which he possesses as a result of the easement, subject, however, to the limitations of use as set forth in the two stipulations for judgment. CT Page 7899
The court will not order a judicial conveyance of the easement because the court has found that the easement was conveyed by the stipulation for judgment dated February 7, 1983, a copy of which has been recorded in the Wolcott Land Records.
/s/ Vertefeuille, J. VERTEFEUILLE