[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff has brought this two count third revised complaint against his former wife, Maria Fernandes, now known as Maria Kreho, and the attorney who represented her in connection with the dissolution of the Fernandes' marriage, Vincent McManus. He alleges that during the course of negotiations surrounding the dissolution of the marriage, the defendants fraudulently induced him to convey his interest in certain property to Kreho. The first count alleges fraud on the part of both defendants and seeks rescission and restitution and consequential damages. The second count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq., and seeks money damages, attorney's fees and punitive damages.
The defendant McManus now moves to strike the claim for relief as to rescission and to strike ¶ 11(d) of the third revised complaint because it fails to state a cause of action for intentional infliction of emotional distress. "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted."' Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded,"Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989), but "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). CT Page 9137
On August 5, 1996, this court, Thompson, J., granted the defendant McManus' motion to strike as to the claim for relief of rescission as to the first count. In repleading, however, the plaintiff has retained that claim for relief and asserts that it is justified because the third revised complaint includes an addition to ¶ 13, which addition alleges that "the plaintiff offers to return the satisfaction of judgment. . . ."
"Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract." Kavarco T.J.E., Inc., 2 Conn. App. 294,299 (1984 ). Dorsey v. Mancuso, 23 Conn. App. 629, 635
(1990)."Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused her to enter the contract." Kavarcov. T.J.E. Inc., supra, 2 Conn. App. at 298. The general rule is that to support a claim for rescission, the party seeking to rescind must restore, or at least offer to restore, the consideration. "We have regularly held that it is a condition of rescission and restitution that [the party seeking rescission] offer, as nearly as possible, to place the other party in the same situation that existed prior to the execution of the contract. Metcalfe v. Talarski, [213 Conn. 145, 153-54, (1989)];Duksa v. Middletown, 192 Conn. 191, 197, (1984); Keyes v. Brown,155 Conn. 469, 476, (1967); Kavarco T.J.E., Inc., 2 Conn. App. 294,299 (1984)." Bernstein v. Nemeyer, 213 Conn. 665, 675,570 A.2d 164 (1990). Burt's Spirit Shop, Inc. v. Ridgeway, 215 Conn. 355,360 (1990).
Proof of fraud in the inducement to contract allows the defrauded party various remedies including rescission; Duksa v.Middletown, 173 Conn. 124, 129, (1977); restitution, see 2 Restatement (Second), Agency 403; or damages. A. Sangivanni Sons v. F. M. Floryan Co., 158 Conn. 467, 472, (1969). Hackettv. New Britain, 2 Conn. App. 225, 228 (1984). Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused it to enter the contract. State v. Hartford Accident Indemnity Co., 136 Conn. 157, 167 (1949). The material misrepresentation, when made in connection with the sale of land, may be an innocent misrepresentation. Slocum v. Leffler, 272 Or. 700,701 (1975); see Albany Motor Inn Restaurant, Inc. v.CT Page 9138Watkins, 85 App.Div.2d 797, 798, 445 N.Y.S.2d 616 (1981). At the option of the defrauded party, where there has been fraud in the inducement of the contract, the contract is voidable or the defrauding party may be subject to a suit for damages. A.Sangivanni Sons v. E.M. Floryan Co., 158 Conn. 467 supra. The party defrauded has the option of electing either to rescind the contract or to claim damages for the breach of the contract.Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401,409-10 (1983).
To seek rescission is normally to waive any claim for damages arising from a breach of the contract. Duksa v. Middletown,192 Conn. 191, 197 (1984). The remedy of rescission and restitution is generally an alternative to damages in an action for breach of contract. 12 Williston, Contracts (3d Ed. Jaeger) 1455, p. 14. There are instances, however, where the evidence is such that both remedies are available. If, for example, repudiation of the contract requires restitution for sums paid prior to rescission which are the direct consequence of the fraudulent act of which the plaintiff complains, damages are also recoverable. NationalConversion Corporation v. Cedar Building Corporation, 23 N.Y.2d 621,629, 246 N.E.2d 351, 295 N.Y.S.2d 499 (1969). A defrauded party may affirm the contract and sue for damages, seek rescission and restitution of any consideration paid, or seek rescission and any consequential damages. 13 Am.Jur.2d, Cancellation of Instruments 16; 12 Williston, Contracts (3d Ed. Jaeger) 1523 through 1525.
Paragraph 13 of the second revised complaint stated only that the plaintiff told the defendants "that he felt he had been defrauded of his home and that he wished to rescind the transaction and return everything but since he has not been paid there was no $15,000 return [sic] and it was not feasible to return contract documents." The present revision includes the same language but adds the sentence stating the plaintiff's offer to return the satisfaction of judgment.
By claiming that he was fraudulently induced into entering into this aspect of the settlement of the dissolution of the Fernandes' marriage, and by alleging an offer to return the contract documents, the plaintiff has set forth a claim for which the relief of rescission may be granted as a matter of law. He may claim both rescission and damages in his prayer for relief, with the question of whether he is entitled to one, the other, both or neither to be determined at the trial. The motion to CT Page 9139 strike the claim for relief of rescission as to the first count is therefore denied.
As to the second element of the motion to strike, the defendant McManus claims that certain language in ¶ 11(d) of the first count fails to state a claim for intentional infliction of emotional distress. The plaintiff does not disagree with this contention and points out that this language is included merely to indicate the nature of the harm done by the defendants' alleged fraud for which the remedy of monetary damages is being sought. Damages for emotional distress are recoverable in a cause of action based on fraud in the inducement. Kilduff v. Adams Inc.,219 Conn. 314 (1991). In appropriate circumstances, a plaintiff may be awarded both rescission and damages for emotional distress. Citucci v. Ouellette, 25 Conn. App. 56 (1991). The defendant's contention that this paragraph fails to state a claim upon which relief may be granted is a matter of law is therefore inaccurate, and the motion to strike as to it is denied.
Based on the foregoing, the defendant McManus' motion to strike is denied in its entirety.
Jonathan E. Silbert, Judge CT Page 9140