[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER COMPELLING ARBITRATION
The plaintiff seeks to compel the defendant homeowners to arbitrate a dispute, pursuant to Conn. Gen. Stat. Sec. 52-410. The defendant suppose the application on the grounds that this plaintiff is not the party with whom they agreed to arbitrate any such dispute.
The following facts are not in dispute:
The defendants entered into a written agreement entitledCONSTRUCTION CONTRACT in March 1996 with Charles Pageau, doing business as C J Builders. The contract was signed by Charles Pageau as "Contractor: C J Builders by: Charles Pageau," and signed by both defendants as "Owner." The contract calls for the contractor to perform construction work for the defendants on their real property at 14 Middle Beach Road, Madison, CT. The price, with certain cost variables, is $267,000.
The contract contains a clause providing that "[a]ny claim, dispute or other matter is questions [sic] between Contractor and Owner shall first be referred to Duo Dickenson" who was the architect who drew the plans, "and shall be subject to arbitration upon the written demand of either party." Par. 20.01. CT Page 4069
When a dispute arose in June of 1997, the contractor referred the matter to Mr. Dickenson. Mr. Dickenson, after a delay, accepted the referral. On August 20, 1997, the contractor forwarded documentation supporting his claim to the owners and the architect. On August 29, 1997, the architect indicated that he would render his decision within two weeks after the owners submitted their documentation to him. The contractor objected to such a schedule and, by letter of September 5, 1997, demanded that the architect render a written decision by September 25, whether or not the owners chose to submit any documentation of their claims.
And there the matter sat, with no participation by the owners in the referral to the architect and with no written decision by the architect by September 25. Thereafter, the contractor filed this action seeking to compel arbitration.
Meanwhile, during the course of his construction work for the owners, the contractor reorganized the structure of his business from that of a sole proprietorship to that of a limited liability company, with himself as organizer and statutory agent for service of process. There is no evidence to suggest that this organization into a limited liability company had any affect on the performance of his obligations to the defendants.
The defendants seek to defend against the application to compel arbitration on the grounds, however, that the plaintiff in this action is C J, LLC, not Charles Pagano, d/b/a C J. The contract provides that the contractor cannot assign "any monies due or to become due to it hereunder without prior written consent of the owner." Par. 21.01. The defendants claim that the contractor has no right to assert this claim of the LLC against them because they did not actually contract with the LLC and never consented to any assignment by Mr. Pagano of any rights or monies to the LLC under the contract. Thus they seek to avoid arbitration.
There is support for the literal position taken by the defendants in this case, that the assignment of contractual rights in contravention of an express prohibition against doing so defeats the assignees rights against the other party to the contract. See Acton CATV, Inc. v. Wildwood Partners, Ltd.,19 Conn. App. 235 (1989). But that case does not involve the essential issue here, that of the virtual identity between the CT Page 4070 contractor as an individual/sole proprietor, and the contractor as a limited liability company.
Our courts have frequently recognized the concept of such an identity rule in order to prevent injustice in the situation where two entities are, in reality, controlled as one enterprise because of the existence of a common owner and because of the lack of observance of corporate formalities between the two entities. See Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 560 (1982). Although this rule is more often applied in cases where an individual attempts to hide behind the corporate veil to avoid his legal obligations, see, e.g. United Electrical Contractors. Inc. v. Progress Builders,Inc., 26 Conn. App. 749 (1992), there is no conceptual reason not to apply the rule to avoid injustice here. This is especially the case because of the favor with which courts treat the intention to arbitrate. See, O G/O'Connell Joint Venture v. Chase FamilyLimited Partnership No. 3, 203 Conn. 133, 145 (1987).
The court finds the plaintiff C J Builders and Remodelers, LLC, and the signer of the contract Charles Pagano d/b/a C J Builders and Remodelers, to be "practically identical" in relation to the defendant owners. DeMartino v. Monroe LittleLeague, Inc., 192 Conn. 271, 274-75 (1984). The defendant is prejudiced in no way by resolving this dispute through arbitration, as anticipated in the construction contract, as opposed to litigation in court.
The application to compel arbitration is granted. The court urges counsel for plaintiff and for defendant to agree on an arbitrator in lieu of the court appointing one. If the parties do not agree on an arbitrator such that a stipulation is not in the court's hands on or before Wednesday, April 29, 1998, the court will select an arbitrator, make the appointment, and notify the parties.
PITTMAN, J.