ROLAND GARDNER *v.* MICHAEL PILATO ET AL.
(15408)

Dupont, C. J., and Foti and Schaller, Js.

Submitted on briefs January 13—officially released April 15, 1997

*Melvin J. Silverman* filed a brief for the appellants (defendants).

*Katherine T. Blakeslee* filed a brief for the appellee (plaintiff).

DUPONT, C. J. The sole question on appeal is whether a trial court, on its own motion, has the power to open a judgment of dismissal more than four months after the judgment was rendered when it is clear that the judgment was originally rendered because of an administrative mistake and a timely motion to open had previously been made and denied. The defendants appeal from the opening of such a judgment, claiming the trial court lacked subject matter jurisdiction to open the judgment.

In the usual case, a trial court loses personal jurisdiction to act in any way with reference to that case four months after a judgment of dismissal is rendered.[1] This is not the usual case.

---

[1] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

The relevant facts are not disputed. On November 10, 1994, the plaintiff's action was "dismissed with prejudice" for failure of the parties to attend a pretrial conference and notice of the dismissal was issued on November 14, 1994. On January 9, 1995, the plaintiff filed a motion to open the dismissal. The defendants objected, and the trial court sustained the defendants' objection, in effect denying the plaintiff's motion to open. Notice of the court's action was issued on July 6, 1995. On July 26, 1995, the plaintiff appealed to this court from the denial of his motion to open. While the appeal was pending, the trial court reversed itself and sua sponte, on August 3, 1995, granted the plaintiff's motion to open the judgment. The plaintiff then withdrew its appeal. The reason for the court's sua sponte action was that it determined that the case should not have been dismissed on November 10, 1994, for an alleged failure to attend a pretrial conference because the case had already been tried to conclusion by an attorney fact finder who had issued his report prior to that date and motions were pending relating to the report.[2]

The defendants argue that the court had no jurisdiction as of August 3, 1995, to open its judgment of dismissal because four months had elapsed since the original judgment of November 10, 1994.

The plaintiff's motion to open the judgment of dismissal was timely and could have been acted on at any time thereafter without the loss of the trial court's jurisdiction to act. *Infante* v. *Porath*, 29 Conn. App. 465, 615 A.2d 1073 (1992). Thus, the trial court could have ruled on the motion to open more than four months after the judgment was rendered, without a loss of juris-

---

[2] An affidavit of the plaintiff's attorney was before the trial court when it originally considered the plaintiff's motion to open stating that the court had been notified prior to November 10, 1994, that the case should not have appeared on the pretrial calendar.

diction, as long as the motion to open was timely. This court has jurisdiction to review whether a trial court had jurisdiction to open a judgment, and if this court determines that the trial court did have jurisdiction, this court may effect the opening of a judgment of dismissal that the trial court believed it had no power to open. Id.

This case is a variation on the *Infante* theme. Here, the trial court determined it had jurisdiction to open a judgment more than four months after a judgment of dismissal, and in *Infante* the trial court determined that it did not have such jurisdiction. The question for us is not whether the denial of a motion to open a judgment of dismissal after a timely filing of the motion ended the power of the court to act further in the matter, but whether the court retained jurisdiction to grant a timely motion to open after having denied the motion.

In this case, the trial had concluded, the attorney fact finder's report had been issued, and motions relating to the report were pending. Obviously, the case should never have been put on a *pre*trial list or dismissed for failure of the plaintiff to attend a *pre*trial conference. After the court refused to open its judgment of dismissal, the plaintiff took a timely appeal to this court. When the trial court reversed its original denial of the plaintiff's motion to open and granted the motion, the plaintiff withdrew its appeal because the appeal then became moot. If the court had opened the judgment without having previously denied a motion to open, it would have had jurisdiction because it is the date of filing of the motion that would control. *Infante* v. *Porath*, supra, 29 Conn. App. 465. We conclude on the basis of the facts of this case that the trial court retained jurisdiction to open the judgment and to correct an injustice.

The judgment is affirmed.

In this opinion the other judges concurred.