ROLAND H. GARDNER *v.* MICHAEL PILATO ET AL.
(AC 21377)

Lavery, C. J., and Dranginis and Bishop, Js.

Argued January 7—officially released February 26, 2002

*Melvin J. Silverman,* for the appellants (defendants).

*Katherine T. Blakeslee,* for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The protracted and contentious litigation between these parties has spawned its second appeal to this court. The defendants, Michael Pilato and Salvatore Pilato, appeal from the judgment in favor of the plaintiff, Roland H. Gardner, that was based on a theory of unjust enrichment. Although the defendants raise several claims, the key issue is whether there was evidence to support a finding of unjust enrichment in the amount of the plaintiff's bill for surveying work done.[1] Because there was such evidence, we affirm the judgment of the trial court.

Although the procedural history in this case has been described accurately as "lengthy and labyrinthian," the facts found are relatively simple. Sometime in 1989, the plaintiff, a licensed surveyor, surveyed the defendants' property and made a topographical map at the direction of an engineer hired by the defendants to advise them on developing a piece of real estate. The plaintiff's bill totaled $11,592.50. The defendants refused to pay that amount and instead hired another surveyor to do the same work. The second surveyor used the plaintiff's

---

[1] The defendants also claim that the trial court improperly granted the plaintiff's motion to vacate the court's order relative to their objection to the attorney fact finder's findings of fact that were made after the court had remanded the matter to the fact finder. We resolve that claim in part II of this opinion.

work as well as an old survey that the defendants had in their possession.

The plaintiff on June 30, 1992, brought an action to recover the amount of his bill. The matter was heard before an attorney fact finder (fact finder), who found that although the parties did not enter into an express contract, the defendants "were fully aware, acquiesced and acknowledged the work performed by the plaintiff," and benefited from it. The fact finder further concluded that the reasonable value of the plaintiff's services was $11,592.50, and concluded that the defendants owed the plaintiff that amount based on unjust enrichment.

The defendants challenged those conclusions. The matter subsequently was remanded to the fact finder, who, on September 2, 1994, made subsequent findings incorporating the original findings and found in relevant part that the second surveyor had "used information from the plaintiff's product in preparing his subsequent surveys on the property." Because of a clerical mistake, the action was dismissed with prejudice briefly and then reinstated, the procedural history of which is discussed in *Gardner* v. *Pilato*, 44 Conn. App. 724, 692 A.2d 843, cert. denied, 241 Conn. 922, 696 A.2d 1265 (1997). Following that appeal, the trial court on October 27, 1997, granted the plaintiff's motion to vacate the court's order relative to the defendants' objection to the subsequent findings of fact. On March 17, 2000, the plaintiff asked the court to render judgment in his favor, with interest and attorney's fees. The defendants opposed that motion and filed a motion for judgment in their favor. In response to the plaintiff's subsequent motion for articulation, the court stated that vacating the subsequent findings did not strike the original findings and that all findings continued to stand.

On September 29, 2000, the court issued orders overruling the defendants' objections to the finding of facts

subsequent to remand, overruling the defendants' objection and denying their motion for judgment. It also granted the plaintiff's motion to render judgment and refused to reconsider the propriety of past rulings. Accordingly, the court rendered judgment in the amount of $11,592.50, with $350 in attorney's fees and prejudgment interest in the amount of 12 percent per annum from May 22, 1992, to September 29, 2000. On October 30, 2000, the court denied the defendants' motion to open and modify its orders. The defendants appealed, claiming that several of the court's substantive actions leading up to and immediately following *Gardner* v. *Pilato*, supra, 44 Conn. App. 724, were improper and challenging the fact finder's conclusion that the defendants were unjustly enriched. The plaintiff's motion to dismiss the appeal was granted as to any issues that were addressed in *Gardner* v. *Pilato*, supra, 44 Conn. App. 724, but was otherwise denied. Additional facts and procedural history will be provided as necessary.

I

As the parties did at oral argument, we devote the bulk of our analysis to the defendants' claim that the fact finder improperly found that they were unjustly enriched for the full amount of the plaintiff's bill.

The defendants first urge us to reverse the judgment because the plaintiff failed to include any evidence in his brief or appendix to support that finding; see, e.g., *Jennings* v. *Reale Construction Co.*, 175 Conn. 16, 18–20, 392 A.2d 962 (1978); and instead invited us to make a "close inspection of the transcript from trial . . . ." Although it may have been easier for our disposition of his claim if the plaintiff had included, or at least referenced, any evidentiary support in his brief or appendix because the defendants flatly denied that any evidence existed, the inclusion of such documentation no longer is mandated. The requirement that an appellee

provide a record supporting the fact finder's judgment in these circumstances was based on provisions of the rules of practice that since have been repealed, and the line of cases interpreting it was expressly overruled by our Supreme Court. See *State* v. *Spillane*, 257 Conn. 750, 756–59, 778 A.2d 101 (2001) (en banc). Accordingly, we turn to the merits of the defendants' argument.

The defendants make two arguments to support their contention that the referee improperly found that they were unjustly enriched in the amount of $11,592.50. First, they argue that there was no evidence that they benefited from the plaintiff's work. Second, they argue that there was insufficient evidence for the fact finder to determine that the plaintiff's bill was reasonable. We are not persuaded.

"Attorney [fact finders] are empowered to hear and decide issues of fact. . . . It is axiomatic that a reviewing authority may not substitute its findings for those of the trier of the facts. . . . The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney [fact finder]. . . . Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the [attorney fact finder]." (Internal quotation marks omitted.) *Anastasia* v. *Beautiful You Hair Designs*, 61 Conn. App. 471, 475, 767 A.2d 118 (2001).

"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine

the circumstances and the conduct of the parties and apply this standard. . . . Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 282–83, 649 A.2d 518 (1994).

"Furthermore, the determinations of whether a particular failure to pay was unjust and whether the defendant was benefited are essentially factual findings . . . that are subject only to a limited scope of review on appeal. . . . Those findings must stand, therefore, unless they are clearly erroneous or involve an abuse of discretion." Id., 283.

The defendants first argue that there was no evidence to support the finding that they were benefited by the plaintiff's work. They claim that unjust enrichment requires that the benefit be measured only by an increase in value to the defendants' property as a direct result of the plaintiff's work. Because the defendants hired a second surveyor to do the work and ultimately used that surveyor's work in developing the property, the defendants argue that they did not benefit from the plaintiff's work. To the extent that the plaintiff's topographical map was used, the defendants argue that because the second surveyor testified that he used it only for "pencil drawings," the fact finder had no basis to conclude that the defendants were unjustly enriched in the amount of $11,592.50. Consequently, they argue that we should strike the findings and order the court to render judgment for the defendants. We disagree.

The argument that we should measure the benefit by the amount that the defendants' property value was

increased is similar to the one that was put forth in *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, supra, 231 Conn. 284–85, and rejected by our Supreme Court. Just as the defendants in that case argued that the true measure of damages should be any additional profits received as a direct result of the plaintiff's advertising rather than the advertising cost, the defendants here argue that the true measure of damages should be the increased value of the defendants' property as a direct result of the plaintiff's work rather than the cost of that work. See id. The argument in this case is no more successful than it was in *Hartford Whalers Hockey Club*. Although the defendants are correct that the damages in an unjust enrichment case are *ordinarily* "not the loss to the plaintiff but the benefit to the defendant," a fact finder may rely on the plaintiff's bill when the benefit is too difficult to determine otherwise. Id., 285; see also *Pleines* v. *Franklin Construction Co.*, 30 Conn. App. 612, 618, 621 A.2d 759 (1993). Although the second surveyor made only pencil drawings on the plaintiff's work, he also testified that he spent "two to three days in the office on an eight hour day . . . trying to sketch things out." Given that testimony and our limited scope of review, we cannot conclude that the court improperly accepted the fact finder's finding that the defendants owe the plaintiff the full amount of his bill.

The defendants also challenge the finding that the plaintiff's bill was reasonable. Indeed, the only evidence supporting the plaintiff's claim that the work was worth $11,592.50 was the testimony of the plaintiff's son that the bill was based on daily work logs and an itemization[2]

---

[2] The breakdown was as follows:

"2 men field crew . . . 66 1/2 hours . . . @ $85 . . . $5652.00

"Office calculations and Town Hall record search . . . 72 1/2 hours . . . @ $45 . . . $3262.50

"Office drafting, plotting and map making . . . 63 1/2 hours . . . @ $38 . . . $2413.00

"Land Surveyor, principal, supervision . . . 4 hours . . . @ $55 . . .

that was sent to the defendants after the dispute arose. The plaintiff testified that he believed that his prices were comparable to other surveyors in the area because "I have been successfully in business for thirty-two years in Fairfield County." The defendants claimed at oral argument that the plaintiff was required as a matter of law to also introduce independent evidence as to the reasonableness of the charges. That supposition is incorrect. A party's own testimony about the value of his labor described with "reasonable particularity" may be the proper measure of unjust enrichment. Id. Because the plaintiff introduced evidence particularly describing the cost of his labor, we conclude that the fact finder's finding crediting that testimony was not clearly erroneous. See id. It is no less true even though the defendant introduced evidence that other surveyors either estimated or actually did the same work for $3500. The fact finder is in the best position to judge the credibility of witnesses, and we as an appellate court do not retry the facts. See, e.g., *Gould* v. *Hall*, 64 Conn. App. 45, 49–50, 779 A.2d 208 (2001).

## II

The defendants' remaining claims concern the propriety of and the manner in which the court granted the plaintiff's motion to vacate the court's order relative to the defendants' objection to the subsequent findings of fact.[3] The plaintiff urges us to decline review, arguing

$220

"Copy Co. bills for prints, T.A.W. bill for prints, Town Hall fees for copies of deeds . . . $45 . . . ."

[3] The defendants' statement of the issues raises the following additional claims:

"[1.] Where the court denied a motion to open judgment, was it proper sua sponte five months later to vacate its action? . . .

"2. Did the court err in opening its judgment of dismissal when a motion to reopen did not conform to the requirements of the statute and no notice of the judge's intent to act was given to counsel? . . .

"3. Did the court err in acting under the above circumstances after it had ex parte criticized defendants' counsel and earlier taken on for decisions at the request of plaintiff's counsel and without notice to defendants' counsel

that the objections either were raised in or could have been raised in *Gardner* v. *Pilato*, supra, 44 Conn. App. 724. The first appeal, however, dealt not with the merits of the trial court's decision, but with the procedural issue of whether that court had the jurisdiction to take such an action. Id., 727. Accordingly, we are able to review the defendants' claims.

After carefully reviewing the claims and the applicable law, however, we conclude that the defendants' objections were either without merit or that they challenge actions taken by the court that were not improper. The near decade of litigation in this case has produced a record amply illustrating the enmity that the parties' counsel have for each other, and these claims and the responses to them serve as another platform for respective counsel to trade accusations of unethical behavior and poor lawyering. As to the real parties, however, this matter is concluded.

The judgment is affirmed.

In this opinion the other judges concurred.

motions assigned to a different judge? . . .

"4. Did the trial court err in opening a decision sustaining all of defendants' objections to the fact finder's report when that motion did not conform to the requirements of the Practice Book? . . .

"6. Should the trial court have assessed sanctions against a party whose counsel caused this case to be delayed for five years when that delay was for the economic gain of her client? . . .

"7. Did the court abuse its discretion in changing a ruling over six years after it had been issued? . . ."