[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This lawsuit arose out of the renovation of the defendants' Westport, Connecticut home by Vibo Construction, Inc., the defendant builder. The first count of the plaintiff's complaint seeking foreclosure of a mechanics lien is moot. The plaintiff proceeded on the second count alleging breach of contract. The defendants have counterclaimed alleging improper and unworkmanlike performance. The defendants' special defenses are moot since they only relate to the mechanics lien count.
The matter comes before the court on the Attorney Trial Referee's report dated January 23, 2002. The trial before the ATR took seven days. The ATR's Report/Recommended Ruling is 12 pages and contains 16 detailed findings of fact. The report is thorough, complete and well-reasoned.
The writ, summons and complaint in this case was returnable January 15, 2000. Effective January 1, 2000 P.B. 19-12 relating to Motions to Correct ATR's reports was deleted. Effective January 1, 2000 P.B. 19-13
relating to exceptions to ATR's reports and findings was deleted. Both parties have filed written objections to the ATR's report. Neither party filed transcripts. "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee or attorney trial referee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted. A party objecting on these grounds must file with the party's objections a transcript of the evidence taken before the committee, except such portions as the parties may stipulate to omit." P. B. 19-14. Since no transcript was filed, there is no basis for this court to reject or modify the ATR's findings of fact. Meadows v. Higgins, 249 Conn. 155,170, fn 10 (1999). Therefore, the findings of fact are adopted by the court. CT Page 5439
These facts having been found, this court must determine whether the legal conclusions that follow from these facts are legally and logically correct. "Therefore the factual findings properly stood uncorrected, and the court's role was limited to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." Id. 170, fn 10; Blessings Corporation v.Carolton Chronic Convalescent Hospital, Inc., 7 Conn. App. 364, 367
(1986); Anastasia v. Beautiful You Hair Designs, 61 Conn. App. 471, 475
(2001); Gardner v. Pilato, 68 Conn. App. 448, 452 (2002).
The ATR's conclusions were: (1) the plaintiff was awarded the sum of $29,392 for the defendants' failure to pay that sum for work and labor performed on the defendants' residence; (2) the defendants were awarded $13,797.50 on their counterclaim, which represents the reasonable cost to complete the original contract plus damage to personal property; (3) neither party was entitled to attorney's fees despite such a provision in the signed construction contract, and; (4) neither party was entitled to interest on their respective damage awards.
The defendants filed an objection to the ATR's report dated February 11, 2002 on the grounds that; (1) the ATR applied the law incorrectly to the facts he found and (2) the conclusions of law stated in the ATR report were not properly reached on the basis of the facts found or the law. The defendants argue first that the ATR improperly applied the doctrine of frustration of purpose, claiming that the doctrine is not available since the ATR made a finding that both parties were partially at fault. O'Hara v. State, 218 Conn. 628, 638-639 (1991). The second objection was that $6,200 credit was applied to the defendants' personal property damage claim in violation of the collateral source rule" and therefore the award to the defendants should be increased by $6,200.
The Plaintiff filed an objection to the ATR report dated February 12, 2002, on three grounds; (1) the plaintiff is entitled to interest on $29,392 at the contract interest 12% from September 14, 1996 until the date of the judgment, (2) the contract states that the plaintiff cannot be held responsible for damage to personal property, (3) the counterclaim did not allege a claim for negligent damages to personal property and therefore there is no authority to enter such an award.
To each of these objections the parties filed a response. All parties appeared in court on March 4, 2002 and argued their respective positions.
This court finds that the ATR was in error in applying the doctrine of frustration of purpose. "A party claiming that a supervening event or continency has frustrated, and thus excused, a promised performance must CT Page 5440 demonstrate that: (1) the events substantially frustrated his principal purpose; (2) the nonoccurrence of the supervening event was a basic assumption on which the contract was made; (3) the frustration resulted without the fault of the party seeking to be excused; and (4) the party has not assumed a greater obligation than the law imposes." O'Hara v.State, supra, 218 Conn. 644, fn 7; Dills v. Enfield, 210 Conn. 705, 717
(1989); 2 Restatement (Second), Contracts 265. The ATR found in finding 6; "It is expressly found that both sides contributed equally to the final breakdown of the parties' relationship leading up to the plaintiff's termination." The ATR incorrectly cited Hess v. DumouchelPaper Co. 154 Conn. 343, 350-51 (1966) in its conclusions on frustration of purpose. Hess discussed the doctrine of frustration of purpose and did not apply the doctrine to the facts of that case. Hess does not discuss the four elements of the doctrine and further does not refer to the rule that frustration of purpose does not apply when the claiming party is at fault. This court must adopt the ATR's finding that both parties are at fault. That finding cannot support the application of the doctrine of frustration of purpose.
The ATR also found that plaintiff had completed original contract work worth $30,192 as well as extras worth $9,200. The defendants were entitled to a credit of $10,000 on these sums with a resulting balance due to the plaintiff of $29,392. The defendants had failed to pay this $29,392 within the contract payment time. People's Bank had approved this sum for full payment and full payment was due in accordance with the ATR's calculation of the amount of work that had been performed to that date. The ATR's finding of facts in that regard, as well as the conclusions of law are consistent and support the ATR's recommendation of judgment for the plaintiff on its second count in the amount of $29,392. Although the ATR applied an incorrect legal standard, the remaining conclusions are proper in law and are supported by the facts found.Gillogly v. Commissioner of Motor Vehicles, 61 Conn. App. 523, 529
(20001).
The defendants claim that the ATR erred in not awarding additional damages of $6,200, the amount of the insurance claim made by the defendants on their homeowner's insurance policy. The total amount of water damage to the personal property is listed at $14,450.22 on page 21 of the defendants' trial brief. The defendants further stated; "less amount received from insurance $6,200, net water damage $8,250.22." This net sum of $8,250.22 was the water damage claim the defendants' briefed to the ATR. This claim is a judicial admission binding on the defendants that the defendants' claim for damages should be reduced by the $6,200 insurance recovery. Rodia v. Tesco Corp., 11 Conn. App. 391, 395 (1987). The ATR was correct in deducting the $6,200 insurance payment. This court need not discuss the "collateral source rule." CT Page 5441
Plaintiff's first objection claims that it is entitled to interest on the $29,392 award from September 14, 1996 to the date of the judgment. The ATR found that both parties were at fault. The ATR found that the plaintiff did all the work in the most recent unpaid requisition. The contract required payment within 3 days after receipt of the construction loan money. The payment had not been timely made and the contract established a rate of interest of 1% per month. The ATR also found that certain work had not been completed and awarded the defendants damages for the reasonable costs of completion and costs to repair/correct work. These detailed mathematical calculations are contained in findings 11 through 16. The ATR in its Conclusion//Recommended Ruling on page 11 stated: ""Under the facts and circumstances of this case, no attorney's fees should be awarded to either the plaintiff on its complaint, or the defendants on their counterclaim. Likewise, no interest should be awarded to the parties on their respective claims."
In general the determination of whether or not to award interest is addressed to the court's equitable powers and is a matter within the discretion of the trial court. Stephan v. Pennsylvania General InsuranceCo., 224 Conn. 758, 765 (1993); Middlesex Mutual Assurance Co. v. Walsh,218 Conn. 681, 701-02 (1991). "The courts' determination regarding the award of interest should be made in view of the demands of justice rather than through the application of any arbitrary rule." Id. 702. There is a two pronged test for determining whether to award interest under General Statute § 37-3a. The court must determine first, whether the defendant wrongfully detained funds of the plaintiff; and second, when the funds were first wrongfully detained. Blakeslee v. Arpaia Chapman,Inc. v. El Constructors, Inc., 239 Conn. 708, 735 (1997); CoregisInsurance Co. v. Fleet National Bank, Superior Court, Judicial District of Hartford at Hartford, Docket Number CV 98-0580210 (May 4. 2001, BryantJ.), 7 Conn. Ops. 698, June 18, 2001, 2001 Ct. Sup. 5955.
The ATR properly reached the conclusion of no interest based upon the fact that both parties were partially at fault. Under these circumstances the wrongful detention conclusion could not be made by the ATR. The plaintiff should have filed a transcript to attack such a finding. That finding having not been properly attacked by the filing of a transcript in accordance with P.B. 19-14. This court holds, that the ATR's conclusion of no interest is supported by the facts found and the law.
The plaintiff's second objection states that the contract terms prevent claim for property damage. Paragraph 10 of the construction rider states: in no event shall contractor be responsible for owner's personal property remaining in the residence." The defendants' counterclaim alleged: "Such services as plaintiff performed were done in an improper CT Page 5442 and unworkmanlike manner." The ATR found that the plaintiff covered the personal property with a tarpaulin and water leaks damaged defendants' personal property. The plaintiff had no obligation under the terms of the contract to protect the defendants' personal property. Nevertheless the plaintiff made that attempt. The ATR stated in finding 3: "The plaintiff must take some responsibility for said circumstances and damage." The ATR further found despite the contract language: "However, when Mr. Vartuli took it upon himself to provide tarps to cover the personal property, he assumed certain responsibility regarding protecting personal property from water damage caused by the plaintiff's negligence." The ATR concluded by so volunteering the plaintiff assumed a duty toward the personal property. The violation of that duty is negligence. Gazo v.Stamford, 255 Conn. 245, 252-53 (2001); Restatement (Second), Torts 324A; State v. Miranda, 245 Conn. 207, 226 (1998). The ATR found that the plaintiff's work was done in an improper and unworkmanlike manner. This includes failing to properly cover the personal property. This resulted in water damages of $4,000 after deduction of the $6,200 insurance payment. The ATR's conclusion awarding $4,000 personal property damages is supported by the facts found and the law.
The plaintiff finally objects to the ATR's award of $4,000 damages under the defendant's counterclaim. The plaintiff argues that the defendant's counterclaim failed to allege negligence or damage to personal property. This court has examined the file. There was no request to revise. The counterclaim states that; "These defendants have been and will be obliged to expend substantial sums of money to properly complete the renovations in accordance with the contract and to repair defects, omissions and damage by reason of such improper and unworkmanlike work." The pleadings on their face support the ATR's conclusion of negligence and a personal property damage award.
The plaintiff's objections to the ATR Report/Recommended Ruling dated February 12, 2002 are overruled for the reasons stated.
The defendants' objections to the ATR Report/Recommended Ruling dated February 11, 2002 are hereby overruled for the reasons stated.
In accordance with the January 23, 2002 ATR report, the court enters the following orders: Judgment on the plaintiff's second count enters for the plaintiff as against the defendants, jointly and severally, in the amount of $29,392. without interest, costs or attorney's fees.
Judgment on the defendants' counterclaim enters for the defendants as against the plaintiff in the amount of $4,000 without interest, costs or attorney's fees. CT Page 5443
BY THE COURT
TIERNEY, J.