UNITED COASTAL INDUSTRIES, INC. *v.*
CLEARHEART CONSTRUCTION
COMPANY, INC., ET AL.
(AC 21610)

Mihalakos, Dranginis and Dupont, Js.

Argued April 2—officially released August 13, 2002

*R. Bradley Wolfe,* with whom, on the brief, was *Donald J. Shubert,* for the appellant (named defendant).

*Brian S. Karpe,* for the appellee (plaintiff).

*Opinion*

DUPONT, J. The issues in this appeal are whether the plaintiff subcontractor, in an action against the defendant contractor, can recover as restitution, in quantum meruit or unjust enrichment for work done in partial completion of the work encompassed by their written contract, and, if so, the proper amount of damages. We conclude that the remedy of restitution was proper and that the amount of damages was calculated properly. We therefore affirm the judgment of the trial court.

The defendant contractor, Clearheart Construction Company, Inc. (Clearheart), and the plaintiff subcontractor, United Coastal Industries, Inc. (United), entered into a written contract for the demolition of a building. The plaintiff filed an action against the defendant,[1] claiming damages (1) for breach of contract for

---

[1] The plaintiff also named as defendants Richard H. Seidman, the attorney for the defendant, and Mark Wichmann, the president and sole employee of the defendant. The court rendered judgment in favor of Wichmann. Earlier, the court granted a motion to strike the sole count of the complaint directed against Seidman. Because only Clearheart has appealed, we refer to it in this opinion as the defendant.

failure to pay the contract price plus change orders or (2) in quantum meruit for the reasonable value of the services rendered or (3) for the unjust enrichment of the defendant or (4) arising from a claimed violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[2] The defendant filed a counterclaim for damages and alleged that the plaintiff had breached the contract, violated CUTPA and intentionally interfered with a contractual relationship.[3] The defendant thereafter impleaded Ronald Walker as a defendant. Walker was an officer, director and shareholder of the plaintiff. The defendant then filed a cross complaint against Walker individually, alleging that he had committed intentional torts against the defendant.

The court rendered judgment for the plaintiff on its quantum meruit and unjust enrichment claims in the amount of $41,125, and rendered judgment for the defendant on the plaintiff's breach of contract and CUTPA claims. The court rendered judgment for the plaintiff and for Walker, and against the defendant on its counterclaim and the cross complaint.[4]

The court found that there was a written contract under which the plaintiff had agreed to perform demoli-

[2] The plaintiff was entitled pursuant to Practice Book §§ 10-21 and 10-25 to pursue all of these causes of action and to seek alternative relief in the same complaint. See also *Burns* v. *Koellmer*, 11 Conn. App. 375, 385–86, 527 A.2d 1210 (1987).

[3] The defendant's counterclaim alleged that the cost to correct and complete the plaintiff's work that should have been performed under their contract exceeded the contract price. The defendant also claimed that the plaintiff made unfounded claims about the defendant to various governmental agencies, which caused frequent disruption of its work project while the agencies investigated the claims. In addition, the defendant alleged that the false claims interfered with the defendant's contractual relationships with the owner of the project and other subcontractors, and were clear violations of CUTPA.

[4] Clearheart has not cross appealed from the judgments against it on its cross complaint and its counterclaim. We therefore do not consider any of the issues raised by either the defendant's cross complaint or counterclaim.

tion work for a set payment upon completion of that work by a set date, but that the plaintiff had failed to complete the work by the contractual completion date. The court's other findings in its memorandum of decision were as follows: "A part of the uncompleted work was caused by an unknown, hazardous existing condition covering a wall that was to be removed; that neither party was aware of the hazardous condition at the time of the execution of the contract. That the remaining work of demolition that [United] failed to carry out by the contractual deadline placed Clearheart in a position of defaulting on its contract or suffering substantial per diem penalties if not carried out immediately. That Clearheart was within its contractual terms in terminating [United's] demolition involvement at the terminal date of the contract. . . . [A]lthough the plaintiff, [United], failed to complete the demolition set out in the contract, it did provide the defendant, Clearheart, with benefits based upon the portions of the contract it had carried out. . . . Clearheart did complete those portions of the contract that [United] failed to complete to its financial detriment. However, although Clearheart presented evidence as to its expenditures in completing the demolition . . . Clearheart was unable to segregate those expenditures that applied specifically to the uncompleted demolition . . . ." The court found, however, that based on all of the evidence submitted to it, "Clearheart incurred costs of $29,375 to complete the unfinished demolition . . . ."

The plaintiff discovered asbestos paint on a load bearing wall in late August, 1996. According to the court's memorandum of decision, "Clearheart admits that the asbestos painted wall required special handling that was not part of [United's] contract" and that Clearheart's responsibility was "only to permit use of its dumpster for the disposal of the wall debris." The court stated that the plaintiff had claimed that it could not remove

the wall until the paint was first removed. The plaintiff refused to permit its dumpster to be used, claiming that the use would violate various environmental protection regulations and that the plaintiff was not licensed by the state to remove asbestos.[5]

The court found that if the plaintiff had completed its contract, it would be due $88,900, the contract price, plus change orders of $5100 for a total of $94,000.[6] The court determined that 75 percent of the contract work had been completed by the plaintiff so that it was due $70,500 for that work. The defendant had not paid the plaintiff anything toward the contract price and, therefore, no credit was given to the defendant for a payment. The court deducted the costs of the defendant to complete the work and rendered judgment for the plaintiff in the amount of $41,125.

The defendant claims that because the court found that there was a written contract and that the plaintiff had not substantially completed its work by the contractual completion date, there could be no recovery under either quantum meruit or unjust enrichment. The defendant also claims that if any damages were due, they were found improperly because there was no evidence to support the dollar amounts of the value of the work performed by the plaintiff and the cost to the defendant to complete the work.

"[T]he determinations of whether a particular failure to pay was unjust and whether the defendant was benefited are essentially factual findings . . . that are subject only to a limited scope of review on appeal. . . . Those findings must stand, therefore, unless they are

[5] The contract of the parties provided that the plaintiff was responsible for disposal and cleanup "of associated debris into [Clearheart's] dumpster."

[6] The court gave the contract price, including modifications, as $94,000, the plaintiff set the same total at $94,500, and the defendant stated that the total was $95,400.

clearly erroneous or involve an abuse of discretion." (Internal quotation marks omitted.) *Gardner* v. *Pilato,* 68 Conn. App. 448, 453, 791 A.2d 707, cert. denied, 260 Conn. 908, 795 A.2d 544 (2002), citing *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.,* 231 Conn. 276, 283, 649 A.2d 518 (1994). We must determine, therefore, whether there was sufficient evidence to find that the plaintiff was entitled to restitution and, if so, the proper amount due.

Counts two and three of the complaint, which seek damages for unjust enrichment and quantum meruit, are meant to provide an alternative basis for recovery in the event of a failure to prove the breach of contract claim in count one. See *Bolmer* v. *Kocet,* 6 Conn. App. 595, 612, 507 A.2d 129 (1986). Thus, the defendant cannot prevail on its claim that the plaintiff is precluded from recovering in quantum meruit because it did not complete its contractual obligation. See id.

In this case, the plaintiff alleged in count one that it "performed the *entire* contract under the terms of [the] written agreement as best as could be complied with in accordance with the laws of the State of Connecticut" (emphasis added) and that the defendant had failed to pay the plaintiff any sums under the terms of the contract or for additional approved work. The court found against the plaintiff on that count. We are, therefore, not concerned with any theory of damages arising from a breach of contract by either party.[7]

Before reviewing the claims of the defendant, we discuss the general principles of restitution, which are designed to prevent unjust enrichment. We rely on 3 Restatement (Second), Contracts § 344 et seq. (1981), 5 S. Williston, Contracts (Rev. Ed. 1937) § 1479, and case law. Quantum meruit and unjust enrichment are com-

---

[7] The plaintiff did not appeal from the judgment for the defendant on count one of its complaint.

mon-law doctrines that provide restitution, or the payment of money, when justice so requires. See *Gagne* v. *Vaccaro*, 255 Conn. 390, 401, 766 A.2d 416 (2001); *Sidney* v. *DeVries*, 215 Conn. 350, 351–52 n.1, 575 A.2d 228 (1990); *Burns* v. *Koellmer*, supra, 11 Conn. App. 384–85.

Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. See 5 S. Williston, supra, § 1479. Recovery is proper if the defendant was benefited, the defendant did not pay for the benefit and the failure of payment operated to the detriment of the plaintiff. See *Gardner* v. *Pilato*, supra, 68 Conn. App. 453; *Polverari* v. *Peatt*, 29 Conn. App. 191, 200–201, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992). "In the absence of a benefit to the defendant, there can be no liability in restitution; nor can the measure of liability in restitution exceed the measure of the defendant's enrichment." Restatement (Third), Contracts, Restitution and Unjust Enrichment, § 2 (d) (Discussion Draft March 31, 2000). These requirements for recovery of restitution are purely factual. *Dow & Condon, Inc.* v. *Muros North Ltd. Partnership*, 69 Conn. App. 220, 228, 794 A.2d 554 (2002). Because recovery is fact bound, our review is limited to the clearly erroneous standard. *Gardner* v. *Pilato*, supra, 454–55.

Both unjust enrichment and quantum meruit are doctrines allowing damages for restitution, that is, the restoration to a party of money, services or goods of which he or she was deprived that benefited another. *Burns* v. *Koellmer*, supra, 11 Conn. App. 383. Quantum meruit is usually a remedy based on implied contract and usually relates to the benefit of work, labor or services received by the party who was unjustly enriched, whereas unjust enrichment relates to a benefit of money or property; id., 384; and applies when no remedy is available based on the contract. *Gagne* v. *Vaccaro*,

supra, 255 Conn. 401. The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment or quantum meruit. It would be contrary to equity and fairness to allow a defendant to retain a benefit at the expense of the plaintiff. Id.

Partial performance under a contract is sufficient to trigger, and, in some cases, to allow a claim for restitution by a breaching party, when there has been a nonwilful breach of a contract, equal to the benefits conferred on the nonbreaching party. *Vines* v. *Orchard Hills, Inc.*, 181 Conn. 501, 506, 435 A.2d 1022 (1980). A claim for restitution is equitable in nature, and permits a trial court to balance the equities and to take into account competing principles to determine if the defendant was unjustly enriched. Id., 507.

Although restitution for unjust enrichment often applies to situations in which there is no written contract, it can also apply to situations in which there is a written contract and the party seeking restitution has breached the contract. Id., 505–507. The case law and other authorities do not support the defendant's claim that the plaintiff cannot recover by way of restitution damages arising from unjust enrichment or quantum meruit because the plaintiff had not substantially performed the contract.

In this case, the plaintiff seeks relief, namely, restitution by way of damages, on the ground that the defendant has been unjustly enriched because of the work the plaintiff did pursuant to their contract. This relief can be satisfied by awarding the plaintiff a sum of money to prevent unjust enrichment to the defendant. 3 Restatement (Second), supra, § 345 (d). In some cases, the remedy of restitution is dictated by the fact that the contract is not enforceable because of the breach of the party seeking restitution as a result of impracticality or due to mistake or inability to complete the under-

taking. Id., § 371. "Restitution is a common form of relief in contract cases." Id., § 345, p. 199.

The plaintiff breached the contract by nonperformance (failure to complete the demolition) that justified the defendant in refusing to accept the plaintiff's further performance (the necessity of keeping to the timetable required by the defendant's contract with the owner), but the defendant cannot retain the entire benefit of the part performance of the plaintiff. The plaintiff's breach does not prevent recovery in restitution.

According to the second illustration in § 374 of 3 Restatement (Second) of Contracts, if a contractor agrees to make repairs to a building in exchange for a specific sum under a contract and then fails to complete the work because of insolvency, the contractor may seek restitution from the building owner. Id., § 374, pp. 216–17. We conclude that the plaintiff can recover damages to restore to it the benefit obtained by the defendant because of the plaintiff's partial performance of the contract. See *Circle B Enterprises, Inc.* v. *Steinke*, 584 N.W.2d 97, 100 (N.D. 1998), citing 3 Restatement (Second), supra, § 374 (1); see also *Peabody N.E., Inc.* v. *Marshfield*, 426 Mass. 436, 442, 689 N.E.2d 774 (1998).

We must next resolve the appropriate amount of damages due the plaintiff. Again, our standard of review is whether the factual findings of the court were clearly erroneous. See *Gardner* v. *Pilato*, supra, 68 Conn. App. 454–55. The defendant claims that there is no factual basis for the court's conclusion that 75 percent of the contract work had been completed (the value of the work completed by the plaintiff) and that $29,375 had been spent by the defendant to complete the demolition. The damages should equal the gain received by the defendant. See *John T. Brady & Co.* v. *Stamford*, 220 Conn. 432, 447, 599 A.2d 370 (1991).

The contract price is evidence of the benefit to the defendant of the partially completed demolition, but is not conclusive. The benefit the defendant received was the value of the partial completion from which the cost necessary to complete the work should be deducted. The court had for its review numerous (seventy-three) invoices as an exhibit and other exhibits as well as the testimony of witnesses for the plaintiff and the defendant. Walker, a director and shareholder of the plaintiff testified that the plaintiff had completed all of the demolition except an asbestos wall and a level wall leaning against it. The defendant's testimony was that structural floors, block walls and steel were not removed by the plaintiff. This case presented factual issues for a determination of the proper amount of damages. See *Gardner* v. *Pilato*, supra, 68 Conn. App. 452–53. In an unjust enrichment case, damages are ordinarily not the loss to the plaintiff, but the benefit to the defendant, for which the fact finder may rely on the plaintiff's contract price when the benefit is too difficult to determine.

The court also concluded that the defendant's evidence did not allow the court to segregate expenditures applicable to the cost of the remaining demolition work from other expenditures of the defendant. On the basis of all of the evidence presented to it, the court made a reasonable determination that it cost the defendant $29,375 to complete the unfinished demolition left by the plaintiff. The plaintiff did not seek articulation of how the court determined that 75 percent of the demolition work had been completed. The court, however, on the basis of the testimony of Walker, could have so concluded. The facts found by the court are not clearly erroneous, and its conclusion as to the damages due the plaintiff was not improper.

The judgment is affirmed.

In this opinion the other judges concurred.