PAUL TANPIENGCO ET AL. *v.* MARIA TASTO ET AL.
(AC 22350)

Schaller, Mihalakos and Dranginis, Js.

Submitted on briefs June 7—officially released October 8, 2002

*Donald Gaudreau* filed a brief for the appellants (defendant Shoreline Real Estate Company et al.).

*Frank B. Cochran* and *Linda P. Francois* filed a brief for the appellees (plaintiffs).

PER CURIAM. The defendants,[1] Christine Fappiano and Shoreline Real Estate Company, appeal from the judgment of the trial court, rendered on the third count of the complaint, ordering them to pay the sum of $5000 as a penalty, $15,000 for attorney's fees and costs of $545.55.[2] We affirm the judgment of the trial court.

This appeal stems from a purchase and sale agreement executed on September 15, 1999, by the plaintiffs, Paul Tanpiengco and Sharon Tanpiengco, for the purchase of real property owned by Maria Tasto located at 281 Chestnut Hill Road in Killingworth. The listing broker was Shoreline Real Estate Company and Fappiano, as its agent, showed the property. The plaintiffs submitted $8000 to Tasto, representing the deposit on the property. On November 9, 1999, the plaintiffs rescinded the agreement because the state was taking a portion of the property and because it came to their attention that the property is surrounded by the former Killingworth municipal landfill.

On January 14, 2000, the plaintiffs brought a four count complaint, alleging, inter alia, violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[3] The court found that "[b]oth Tasto and Fappiano knew that the property was built adjoining a landfill and that some of the property itself was on the landfill. When [the] Tanpiengcos

[1] The named defendant, Maria Tasto, is not a party to this appeal. We refer in this opinion to Christine Fappiano and Shoreline Real Estate Company as the defendants.

[2] The defendants' claims on appeal can be restated as follows. The court improperly (1) found that they had misrepresented a material fact and (2) awarded punitive damages in the amount of $20,000 when the plaintiffs (a) never purchased the property at issue, (b) demonstrated actual damages of only $2447.54 and (c) unilaterally rescinded the contract.

[3] The remaining three counts are not at issue in this appeal. Because the defendants appeal from only the third count of the complaint, we limit our analysis to the court's finding of a CUTPA violation.

inquired of Fappiano what was to the rear of the property, Fappiano deliberately informed [them] that 'it was open space and that it was owned by the town of Killingworth, and designated as open space and would never be built on.' " After finding a CUTPA violation, the court ordered the defendants to pay $5000 as a penalty, $15,000 for attorney's fees and costs of $545.55. This appeal followed.

"It is well settled that whether a defendant's acts constitute fraudulent misrepresentation, or deceptive or unfair trade practices under CUTPA, is a question of fact for the trier, to which, on appellate review, we accord our customary deference." *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 505, 746 A.2d 1277 (2000). "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Kenney* v. *Healey Ford-Lincoln-Mercury, Inc.*, 53 Conn. App. 327, 330, 730 A.2d 115 (1999). "The facts found must be viewed within the context of the totality of circumstances which are uniquely available to the trial court." (Internal quotation marks omitted.) *Ancona* v. *Manafort Bros., Inc.*, 56 Conn. App. 701, 715, 746 A.2d 184, cert. denied, 252 Conn. 953, 749 A.2d 1202 (2000). Furthermore, "[t]he rule is that a seller may not, under the circumstances, have a duty to speak, although if he does assume to speak, he must make a full and fair disclosure as to the matters upon which he assumes to speak. He must avoid deliberate nondisclosures." *Catucci* v. *Ouellette*, 25 Conn. App. 56, 59, 592 A.2d 962 (1991).

After reciting the "cigarette rule," which is the standard by which Connecticut courts measure whether conduct is unfair under CUTPA; see, e.g., *Murray* v.

*Taylor,* 65 Conn. App. 300, 337, 782 A.2d 702, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001); the court held that the "representations made to [the] Tanpiengcos were material and deceptive." John Houston, a former tenant of the property, testified that Fappiano knew that the property abutted a former landfill. In addition, there was evidence that a portion of the property was itself a part of the former landfill. Donald J. Fittings, an environmental consultant, testified regarding the possible dangers attached to property on or adjoining a landfill area. On the basis of those facts and the record as a whole, we conclude that the court had ample support to draw the conclusion of fraudulent nondisclosure by the defendants. See *Catucci* v. *Ouellette,* supra, 25 Conn. App. 59. Thus, the court's finding of a CUTPA violation was not clearly erroneous.

The defendants also challenge the court's damages award. Specifically, they argue that the court improperly awarded punitive damages in the amount of $20,000 because (1) actual damages were only $2447.54, (2) the damages arose out of the plaintiffs' unilateral rescission of the contract and (3) their decision to rescind was based on other factors in addition to the misrepresentation of the character of the surrounding land. The court, however, clearly based the award on the CUTPA claim.

"A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he [or she] must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Internal quotation marks omitted.) *Reader* v. *Cassarino,* 51 Conn. App. 292, 299, 721 A.2d 911 (1998). In addition, "[a]warding punitive damages and attorney's fees under CUTPA is discretionary . . . and the exercise of such discretion will not ordinarily be interfered with on appeal unless the abuse is manifest or injustice

appears to have been done. . . . [T]o award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Citations omitted; internal quotation marks omitted.) *Gargano* v. *Heyman*, 203 Conn. 616, 622, 525 A.2d 1343 (1987).

Because there was evidence that the defendants deliberately misrepresented the character of the surrounding property, we conclude that the court did not abuse its discretion in awarding punitive damages, attorney's fees and costs as to the plaintiffs' CUTPA claims.

The judgment is affirmed.