[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs in this case are M.H. Heaven Real Estate, LLC, of Greenwich, and its principal, Marshal H. Heaven, a registered real estate broker. The plaintiffs' (hereinafter "Heaven") second amended complaint asserts causes of action for breach of contract, quantum meruit, unjust enrichment, a violation of General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA), and breach of agency. Heaven initially filed this action against Timber Hill, LLC, (Timber Hill), Pickwick Plaza Associates, (Pickwick Plaza) and Albert E. Lawrence, III, but later withdrew as to Mr. Lawrence.
Heaven alleges the following pertinent facts: Pickwick Plaza is an Illinois partnership owning three buildings, One Pickwick Plaza, Two Pickwick Plaza and Three Pickwick Plaza in Greenwich. Timber Hill is a Connecticut company involved in the financial services business having an address at Two Pickwick Plaza in Greenwich. In 1997, Heaven met Thomas Peterffy, the principal of Timber Hill, at a social occasion in Greenwich. Heaven alleges that Peterffy indicated that he wanted to move his company from New York to Connecticut. For a period of time thereafter, Heaven canvassed the Greenwich market to locate space for Timber Hill. Heaven further alleges that he was in constant contact with Lawrence, a salesperson employed by Kenney-Wilson Properties, the exclusive managers and listing agents for purposes of commercial space in Pickwick Plaza. Through his communications with Lawrence, Heaven was made aware that space located at Two Pickwick Plaza was available to sublease. Thereafter, Timber Hill entered into a sublease with AON, and AON as the lessor, paid a commission to Heaven at a standard rate of 5%.
After entering into this sublease arrangement, Timber Hill requested that Heaven locate additional space at Two Pickwick Plaza and/or other suitable spaces in Greenwich. After searching the Greenwich market, which included calls to Lawrence to inquire about any additional space in Pickwick Plaza, Heaven was advised that space would be available via a direct lease with Pickwick Plaza. Thereafter, Timber Hill entered into a CT Page 15506 lease agreement with Pickwick Plaza. Heaven entered into a written commission agreement with Pickwick Plaza in connection with that lease, and being recognized as the selling broker, Heaven was paid a full 5% commission.
Heaven alleges that he was contacted by Timber Hill in regard to procuring more space at Two Pickwick Plaza in addition to renewing and/or combining the existing leases. Heaven was in constant contact with Lawrence pursuant to Timber Hill's requests, which eventually resulted in Heaven and Peterffy meeting with Lawrence to begin negotiations on the existing leases and on Timber Hill's desire for additional rental space. Heaven alleges that without his authorization, Lawrence then communicated with Peterffy directly about the Pickwick Plaza space. In response to Heaven notifying Lawrence that this communication interfered with his relationship with Timber Hill, Lawrence requested that Heaven obtain a letter from Timber Hill recognizing Heaven as their broker. Heaven obtained such a letter and submitted it to Lawrence. Over the next few months, Heaven exchanged communications with Timber Hill and Lawrence regarding additional space for Timber Hill. At some point, the attorneys for Timber Hill began dealing directly with Pickwick Plaza attorneys and an amendment was added to an existing lease between Pickwick Plaza and Timber Hill thereby securing for Timber Hill all of the rentable space on the second floor of Two Pickwick Plaza, and an option to secure more space if it became available in the future. The amendment also gave Timber Hill a "right of first offer" to rent a certain amount of other contiguous space, which right it exercised.
Heaven further alleges that the plaintiffs are owed commissions from Pickwick Plaza in relation to all of the space rented by Timber Hill pursuant to the lease, including the additional space rented pursuant to the amendment. Heaven also alleges that pursuant to its agreement with Timber Hill and as compensation for assisting in the negotiations between Pickwick Plaza and Timber Hill, Timber Hill owes Heaven payment in the amount of $200,000.
The remaining defendants, Timber Hill and Pickwick Plaza, now move (#120) to strike counts three, four and five for failure to allege cognizable causes of action arising out of a claimed breach of an agreement to pay plaintiffs real estate commissions.
"Practice Book § 10-39(a) provides in relevant part that `[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof.'" Bator v. Yale-New HavenCT Page 15507Hospital, 73 Conn. App. 576, 578, ___ A.2d ___ (2002). "A motion to strike requires no factual findings by the trial court. . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly." (Citations omitted; internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp.,261 Conn. 620, 629, 804 A.2d 180 (2002).
Count three of the complaint asserts a quantum meruit cause of action. Among the allegations in setting forth this claim, Heaven incorporates paragraphs one through sixty-four of count two. Count two is a breach of contract claim incorporating all of the allegations of count one, which includes allegations referring to an agreement between Heaven and Timber Hill, entered into on February 14, 2000, and a commission agreement between Heaven and Pickwick Plaza. In count four, Heaven is asserting a claim under a theory of unjust enrichment which include the incorporation of all of the allegations set forth in count three, in addition to the allegation that Heaven has conferred a benefit upon the defendants for which the defendants have been unjustly enriched. Heaven is seeking to recover money due from both defendants pursuant to written agreements.
"Both unjust enrichment and quantum meruit are doctrines allowing damages for restitution, that is, the restoration to a party of money, services or goods of which he or she was deprived that benefitted another. . . . Quantum meruit is usually a remedy based on implied contract and usually relates to the benefit of work, labor or services received by the party who was unjustly enriched, whereas unjust enrichment relates to a benefit of money or property . . . and applies when no remedy is available based on the contract. . . . The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment or quantum meruit." (Citations omitted.) United CoastalIndustries, Inc. v. Clearheart Construction Co., 71 Conn. App. 506, 512,802 A.2d 901 (2002). Quantum meruit arises out of the need to avoid unjust enrichment. Gagne v. Vaccaro, 255 Conn. 390, 401, 766 A.2d 416
(2001).
"An implied contract can only exist where there is no express one. . . . [Q]uantum meruit [is a form] of equitable remedy restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties." (Emphasis added; internal quotation marks omitted.) Biller Associates v.Rte. 156 Realty Co., 52 Conn. App. 18, 30, 725 A.2d 398 (1999), aff'd,252 Conn. 400, 746 A.2d 785 (2000). In this present action, Heaven is CT Page 15508 seeking to recover commissions and compensation allegedly due under express contracts. General Statutes § 20-325a (c).[1] Because the absence of an express contract is a condition to recovery under a theory of quantum meruit, the motion to strike count three of the complaint is granted. See, e.g., Freda v. Smith, 142 Conn. 126, 134, 111 A.2d 679
(1955) (holding "[a] true implied contract can only exist where there is no express one. . . ." [internal quotation marks omitted]).
As to Heaven's claim for unjust enrichment in the fourth count, "[a] claim for unjust enrichment is not available in the situation where there is an enforceable express contract between the parties." Berman Sable v. National Loan Investors, LP, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 167145 (Jan. 16, 2002, McWeeny,J.). "Although restitution for unjust enrichment often applies to situations in which there is no written contract, it can also apply to situations in which there is a written contract and the party seekingrestitution has breached the contract." (Emphasis added.) United CoastalIndustries, Inc. v. Clearheart Construction Co., supra, 71 Conn. App. 513. Heaven, however, has not made any such allegations. In addition, while "[t]he plaintiff may claim alternative relief, based upon an alternative construction of the cause of action;"[2] (internal quotation marks omitted) Craig v. Driscoll, 64 Conn. App. 699, 721, 781 A.2d 440, cert. granted on other grounds, 258 Conn. 931, 758 A.2d 228 (2001); "pursuant to Practice Book § 10-26, alternative pleadings must be set forth in separate counts." Berman Sable v. National LoanInvestors, LP, supra, Superior Court, Docket No. 167145. Here, Heaven has incorporated allegations of express contracts in count four. "[A]sserting both an express contract and claiming unjust enrichment [within the same count] is legally insufficient. . . ." Id.; see alsoMiller v. O.S. Shipping Trading Corp., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 166819 (Nov. 7, 2001, McWeeny, J.) (granting motion to strike three counts which "contain assertions of the existence of an express contract as well as an implied contract."). Accordingly, the defendants' motion to strike count four is granted.
Count five alleges a violation of CUTPA, which the defendants also seek to strike. "Our Unfair Trade Practices Act, General Statutes § 42-110a
et seq. (CUTPA), provides a remedy for a person who has sustained an ascertainable loss as a result of conduct that is immoral, unethical, oppressive or unscrupulous." Johnson Electric Co. v. Salce ContractingAssociates, Inc., 72 Conn. App. 342, 343, 781 A.2d 440 (2002). Heaven alleges, among other things, that the defendants "met behind his back" in an effort deceive him, that Lawrence's direct communications with Timber Hill interfered with his relationship with Timber Hill, that Timber Hill CT Page 15509 is refusing to pay him "under the guise of not getting all the rentable square feet on the second floor" and that Pickwick took advantage of Heaven's illness at the time the parties entered into a commission agreement. Heaven claims an ascertainable loss as a result of the defendants' nonpayment of commissions and compensation.
"[I]n determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of [a violation of CUTPA]." (Internal quotation marks omitted.) Macamber v. Travelers Property Casualty Corp. supra,261 Conn. 644.
Heaven alleges that the defendants' actions, as described above, were oppressive, immoral, illegal, improper, unconscionable, unethical and unscrupulous. Heaven is not, as the defendants contend, merely alleging that by refusing to pay a commission the defendants have engaged in unfair and deceptive trade practices. Rather, Heaven is alleging that the defendants acted in such a way as to deprive them of commissions that were due and owing.
"It is well settled that whether a defendant's acts constitute . . . deceptive or unfair trade practices under CUTPA, is a question of fact for the trier. . . ." (Internal quotation marks omitted.) Tanpiengco v.Tasto, 72 Conn. App. 817, 819, 806 A.2d 1080 (2002).
"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Suffield Development Associates Ltd.Partnership v. National Loan Investors L.P., 260 Conn. 766, 771,802 A.2d 44 (2002). Accordingly, in the present case, if the facts as Heaven has alleged could give rise to a CUTPA violation, the court must deny the motion to strike. Therefore, because the court cannot determine from the face of the complaint whether the defendants' acts have violated CUTPA, and consistent with "[construing] the complaint in the manner most favorable to sustaining its legal sufficiency . . ."; (Citations omitted) CT Page 15510 Id., 772; the motion to strike count five of the complaint is denied.
In conclusion, the motion to strike counts three and four is granted and the motion to strike the CUTPA count is denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of December, 2002.
 ___________________ William B. Lewis, Judge