[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by homeowners against a painter who was paid to paint their home.
The issue is whether the plaintiffs are entitled to compensatory damages, and/or punitive damages in accordance with General Statutes § 42-110g of the Connecticut Unfair Trade Practices Act (C.U.T.P.A.) and § 20-429, and/or attorney fees in accordance with General Statutes § 42-110g of C.U.T.P.A. and § 20-429 when the plaintiffs paid $4300 to the defendant as consideration for the performance of his services and the defendant painted the plaintiffs' home in a negligent maimer causing paint to chip, fade, streak, and wash away soon after completion of his work, did not complete his work, breached his duty of care to the plaintiffs, violated C.U.T.P.A., violated § 20-240 by failing to reveal his license or registration to the plaintiffs and violated § 20-429 of the Home Improvement Act by failing to prepare a contract.
The plaintiffs are entitled to compensatory damages on account of the defendant's negligence or, in the alternative, in accordance with §42-110g of C.U.T.P.A. because the plaintiffs have met the two threshold requirements for recovery articulated in Tanpiengco v. Tasto,72 Conn. App. 817, 820, 806 A.2d 1080 (2002). The plaintiffs are not entitled to punitive damages in accordance with § 42-110g because the defendant did not display a reckless indifference to the rights of the plaintiff. Finally, the plaintiffs would be entitled to attorney's fees in accordance with § 42-110g however, at the hearing in damages, the plaintiffs did not present any evidence on this subject.
On July 19, 2002, the court entered a judgment of default against the defendant for failure to plead. A hearing in damages was held on October 21, 2002.
First, the plaintiffs are entitled to compensatory damages for the CT Page 750 injury caused by the negligence of the defendant. "[C]ompensatory damages in tort actions include damages not only for consequences proceeding immediately from the cause which is the basis of the action, but also for unforeseen consequences to the same party as well. To the extent that damages are compensatory, these damages are not limited or affected by what was in fact contemplated by the party at fault. According to this rule, the defendant, is liable for all consequences naturally resulting from the wrongful act or omission, whether or not anticipated or contemplated as a probable result of his act or omission It has also been said that the particular harm need not be foreseeable, so long as the defendant's negligence unreasonably exposed to plaintiff a foreseeable risk of some harm. Thus, losses may be recovered if they are the natural and probable consequence of a defendant's negligence in the sense that they are reasonably to be anticipated in view of the defendant's capacity to have foreseen that the particular plaintiff or an identifiable class of plaintiffs is demonstrably within the risk created by the defendant's negligence." 22 Am.Jur.2d, Tort Cases § 475 (1988). The plaintiffs in this case incurred losses of the $4300 paid for the defective and incomplete paint job performed by the defendant. These losses are the natural and probable consequence of the defendant's negligence and, as such, the plaintiffs are entitled to compensatory damages.
The plaintiffs claims for punitive damages and attorneys fees in accordance with § 20-429 must be analyzed under C.U.T.P.A.. "[T]he failure to comply with the [Home Improvement Act] is a per se violation of CUTPA by virtue of General Statutes 20-427 (b), which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice." Woronecki v. Trappe, 228 Conn. 574, 579,637 A.2d 783 (1994). The court finds that the plaintiffs are entitled to compensatory damages (alternatively) but, exercising its discretion, finds they are not entitled to punitive damages under General Statutes § 42-110g on account of the defendant's violation of C.U.T.P.A., General Statutes § 42-110b. "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or Practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper." General Statutes § 42-110g (a).
The defendant displayed neither a reckless indifference to the rights of the plaintiffs nor an intentional and wanton violation of those CT Page 751 rights. "The flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence." Nielsen v. Wisniewski, 32 Conn. App. 133,138, 628 A.2d 25 (1993). The defendant's failure to perform his services in a manner satisfactory to the plaintiffs and his failure to correct his work do not rise to the level of a reckless indifference to the plaintiffs' rights and certainly do not constitute wanton and malicious injury.
The plaintiffs are entitled to compensatory damages on account of the defendant's negligence or, in the alternative, pursuant to C.U.T.P.A., § 42-110g. The plaintiffs are not entitled to punitive damages and are not awarded attorney's fees for the aforestated reason
 By the court ___________________ Gill, J
CT Page 752